WHEAT *v.* CLARK & HULSE.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—NOTICE —SUFFICIENCY.

   Where an employer had notice and actual knowledge of employee's injury practically at the time it occurred, and talked over with him the matter of compensation therefor, and notified the insurance company of the claim, the notice was sufficient under the workmen's compensation act, which does not in terms require that the claim for compensation be made in writing.

2. SAME—PLEADING—LIMITATION OF ACTIONS—APPEAL AND ERROR.

   Where defendant's counsel stressed plaintiff's failure to comply with the six months' limitation provided by the statute, and if the general statute of limitations in personal injury cases was also intended to be relied upon, counsel's position in regard thereto *held*, not made sufficiently clear in the pleadings or brief for the Supreme Court to take cognizance thereof.

Certiorari to Department of Labor and Industry. Submitted January 8, 1924. (Docket No. 2.) Decided June 18, 1924.

John H. Wheat presented his claim for compensation against Clark & Hulse, a copartnership, for an accidental injury in defendant's employ. From an order awarding compensation, defendant and the Ætna Life Insurance Company, insurer, bring certiorari. Affirmed.

*C. W. & W. S. Foster,* for appellants.

*Hayden & Ballard,* for appellee.

STEERE, J.    Defendants appeal by certiorari from a decision of the commissioners of the department of labor and industry awarding plaintiff compensation for the loss of an eye.    In 1915 plaintiff was employed by defendants Clark & Hulse as a salesman in their store at St. Johns, Michigan.    His duties included cleaning up and sweeping out the store.    On the evening of April 15, 1915, he started to sweep out before closing up and in that connection went into the basement, which was unlighted, to get a sweeping compound out of a barrel.    He stooped over it quickly for that purpose when his eye came in contact with the broken end of a piece of gaspipe which had been left extending over the barrel from a bench.    This grazed and hurt his eye, causing severe pain, then and for some time after.    That evening he had a physician dress the wound and bandage the eye. With it bandaged he was able to continue his work without loss of time.    The eye healed within a reasonable time but he soon discovered its vision was impaired and it gradually failed until within six months he was totally blind in that eye, caused by an opaque corneal scar over the pupil of the eye.    His employers knew of the accident and failure of sight in that eye. They carried industrial accident insurance with defendant Ætna Life Insurance Company.    Plaintiff talked with Mr. Clark of the firm about securing compensation for his injury and the latter notified the insurance company's local agent, who called upon plaintiff within 30 days after the accident and talked with him about it.    Learning that plaintiff had lost no time from his employment he told him that he was not entitled to any compensation.    Plaintiff protested that he was and the agent finally, after several interviews, agreed to and did pay the doctor's bill, amounting to $11, for which plaintiff signed a receipt. Plaintiff testified to talking over his claim with Clark

several times and further urging it to the local agent of the company, of which he was asked and answered:

"*Q.* How did that come up, Mr. Wheat?

"*A.* Well, after making repeated demands to do something, Mr. Clark and I,—Mr. Clark said to me go see the agent yourself, start something yourself with him, see what you can do, that is when I went to the agent.

"*Q.* And about when was that in relation to the time of the accident?

"*A.* Well, I would think it was in 3 or 4 months, within 4 months.

"*Q.* Did he offer to take the matter up for you?

"*A.* Why, no, sir; he in a way put me off."

Plaintiff remained in the employ of Clark & Hulse for about a year after the accident and then moved to Detroit where he remained for some years. He testified that while there he visited St. Johns on business several times and on such occasions talked of his claim with Clark and an agent of the Ætna people there, but, as he stated, "I couldn't seem to start anything. They put me off, especially the agent." In April or May, 1920, he went to the office of the industrial accident commission and made inquiries about his case. He then learned they had no report or record of such a case. In November, 1922, he served a written notice upon Clark & Hulse of his claim, of which they notified the insurance company, and on November 19, 1922, he filed with the department of labor and industry his application for a hearing of the claim and award of compensation. The customary proceedings were then had and on March 8, 1923, an arbitration decision of a deputy commissioner awarding plaintiff compensation for loss of his eye was affirmed on appeal to the commission.

The contentions for defendants pressed by counsel for the insurance company are that no unequivocal legal notice of claim for compensation was made to

defendants within six months after the accident as required by the statute, and by reason of the lapse of time before claim was made or proceedings instituted, with intervening deaths and removals, defendants were precluded from properly investigating the circumstances of the accident or controverting plaintiff's testimony.

In support of the contention that no proper notice was given within the statutory limit fixed by the workmen's compensation act counsel cite and quote the following (2 Comp. Laws 1915, §§ 5445, 5446) :

"SECTION 15. No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury shall have been given to the employer three months after the happening thereof, and unless the claim for compensation with respect to such injury shall have been made within six months after the occurrence of the same; or, in case of the death of the employee, or in the event of his physical or mental incapacity, within six months after the death or the removal of such physical or mental incapacity.

"SEC. 16. The said notice shall be in writing, and shall state in ordinary language the time, place and cause of the injury; and shall be signed by the person injured, or by a person in his behalf, or, in the event of his death, by his dependents or by a person in their behalf."

The next section provides that: "The notice shall be served upon the employer or an agent thereof," and tells in what manner it may be served, but does not require that it shall be served on his or its insurer. And the next section (§ 5448) qualifies those provisions as follows:

"SECTION 18. A notice given under the provisions of this act shall not be held invalid or insufficient by reason of any inaccuracy in stating the time, place or cause of the injury, unless it is shown that it was the intention to mislead, and the employer, or the insurance company carrying such risk, or the commissioner of insurance, as the case may be, was in fact

misled thereby.    Want of such written notice shall not be a bar to proceedings under this act, if it be shown that the employer had notice or knowledge of the injury."

There is no provision in the act expressly requiring such notice to be given by the injured employee to the insurance company.    Both the employer and insurance company appeared and were represented by counsel at the hearing.    The import of these provisions of the statute as to notice are fully and clearly discussed in the controlling opinion by Justice SHARPE in the recent case of *Lumbermen's Mutual Casualty Co.* v. *Bissell*, 220 Mich. 352.

In the instant case it is shown without dispute that the employer had notice and actual knowledge of the injury practically at the time it occurred; that Clark, who was a member of the firm and regularly at the store where plaintiff worked, was told by the latter on several occasions he was losing the sight of his injured eye and talked over with him the matter of compensation for his injury.    Clark conceded he was entitled to it and recognized notice of his claim by agreeing to notify the agent of the insurance company, which he did, and in conjunction with plaintiff made repeated demands of him to do something.    "The act does not in terms require that the claim for compensation be made in writing."    *Stein* v. *Packard Motor Car Co.*, 210 Mich. 374.    The essential thing is that the employer gets the notice direct from the employee within the prescribed time.    There is no set formula of demand by which the injured employee is required to communicate such notice of his claim. Those cases where the injured party only gave notice of his claim for compensation to a physician, or foreman, or some other fellow-employee not authorized to represent the employer in that particular are not in point.    What occurred here was between plaintiff and his employer, who understood, assented to and un-

equivocally recognized notice of his claim, by word and act.

There was competent evidence to support the finding by the commission of due notice to the employer of plaintiff's claim for compensation within six months after the injury was received, even eliminating a letter by Clark admitting such notice, written after these proceedings were begun and produced from the files by the commissioner at the hearing before it, which defendant's counsel urge is wholly incompetent and should not be considered as in the case, because not before the arbitration hearing at all, nor ever offered or introduced in evidence before the commission when the appeal was heard.

While defendant's application for review before the commission states as one of the grounds for reversal that plaintiff's claim "is barred by the above statute (the workmen's compensation act) and by other statutes of the State of Michigan," no other statute is cited or urged as applicable, and the commission states in its finding that payment was resisted "on the ground that the applicant did not make claim for compensation within six months after the injury." This is not denied, and the general statute of limitations is but incidentally referred to in the brief of defendants' counsel when commenting upon the unusual delay beyond the six months' period for giving notice prescribed by the compensation act. Failure to comply with the six months' limitation is argued at length and apparently stressed as the only question for consideration. If counsel for defendants had in mind the general statute of limitations in personal injury cases as in any way controlling, it was not made sufficiently clear in their pleadings or brief for this court to take cognizance of it.

The award will stand affirmed, with costs to plaintiff.

227—Mich.—36.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, MOORE, and FELLOWS, JJ., concurred with STEERE, J.

WIEST, J. (*concurring*).   I concur in the result because the question of the applicability of the general statute of limitations relating to actions is not before us.

CLARK, C. J., concurred with WIEST, J.