ASKE v. W. E. WOOD CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—REVIEW
LIMITED TO QUESTIONS PRESENTED TO DEPARTMENT.
   Under rules of department of labor and industry, employer deny-
      ing liability under workmen's compensation act to injured
      employee is required to set forth with reasonable detail and
      certainty the grounds of defense relied on, and review in
      Supreme Court is limited to points made and presented to
      department.

2. SAME—QUESTION NOT PRESENTED TO DEPARTMENT MAY NOT BE
CONSIDERED ON REVIEW.
   Where employer, in hearing before department of labor and
      industry, denied liability under act to injured employee on
      ground that there had been no accident and that employee's
      trouble was caused by infection, employer may not claim, on
      review, that employee, at time of injury, was loaned, where
      record fails to show that said point was presented to depart-
      ment, although employer's notice of contest of claim for
      compensation was broad enough to cover said point had it
      been presented.

Certiorari to Department of Labor and Industry.
Submitted October 10, 1929. (Docket No. 52, Calen-
dar No. 34,466.) Decided December 3, 1929.

Jacob Aske presented his claim for compensation
against the W. E. Wood Company and the General
Accident, Fire & Life Assurance Corporation, Lim-
ited, for an accidental injury in defendants' employ.
From an order awarding compensation, defendants
bring certiorari. Affirmed.

*Neithercut & Neithercut* (*Richard C. Fruit*, of
counsel), for plaintiff.

*Kerr, Lacey & Scroggie*, for defendants.

WIEST, J. In August, 1928, W. E. Wood Company operated under the workmen's compensation law, and, by its clerk, reported that a compensable accident had happened to Jacob Aske, one of its employees. Mr. Aske applied for compensation and defendants appeared and denied liability, claiming plaintiff sustained no accident while in the employ of W. E. Wood Company, and had suffered no injury by accident. Upon hearing the deputy commissioner found for defendants. Upon appeal the department of labor and industry, by its commissioners, found for plaintiff and made an award. Defendants review by certiorari.

Defendants' point in this court is that plaintiff, at the time of the claimed accident, was a loaned employee. The denial was broad enough to cover the point now urged, although not mentioned in the opinion rendered by the commission. The attorneys for plaintiff claim that the point is raised for the first time in this court. Plaintiff claimed an injury to his right wrist, occasioned by a sudden grasping of a support to prevent a fall while in the performance of his work. Defendants asserted that plaintiff's trouble was arthritis, caused by some foci infection. Such was evidently the issue before the commission. That issue is not here presented.

The rules of the department of labor and industry require an employer, if denying liability, to set forth with reasonable detail and certainty the grounds of defense relied upon. Review here is limited to points made and presented there. We will consider such points only as the record affirmatively shows were presented to the commission for decision. This record does not show that the point of loaned employee was submitted to the commission. It is not enough that the point could have

been presented under the notice of contest and the evidence.

This record is very unsatisfactory and is silent upon facts essential to the rule of loaned employee. Why was plaintiff, a general employee of W. E. Wood Company, working upon the A. C. Spark Plug Company building? Was it under contract between the W. E. Wood Company and the A. C. Spark Plug Company? If so, what did the contract provide, and which company was to pay plaintiff for his labor? If plaintiff was loaned, was he so informed and did he consent? If not informed, were the circumstances such that he must be held to have been aware of the change of employers and of implied consent thereto? The record affords no answers to these questions and does not present facts calling for consideration of the rule of loaned employee.

The award of the commission finds support in the evidence, and is affirmed, with costs against defendants.

NORTH, C. J., and FEAD, BUTZEL, CLARK, McDON-ALD, POTTER, and SHARPE, JJ. concurred.