ROE v. DAILY RECORD.

1. WORKMEN'S COMPENSATION—APPROVED AGREEMENT AS TO AVERAGE WEEKLY WAGE IS FINAL.

Proceedings had under 2 Comp. Laws 1929, § 8444, resulting in fixation of linotype operator's average weekly wage at $16 per week *held*, final and binding upon parties to approved agreement on appeal from award of further compensation after hearing under 2 Comp. Laws 1929, § 8453, where it was found average weekly wage had been $24 instead of $16.

2. SAME—CHANGE OF RATE—PHYSICAL CONDITION—PURPOSE OF STATUTE.

The object and purpose of 2 Comp. Laws 1929, § 8453, is to enable the department of labor and industry to vary compensation of injured party in accordance with his physical condition.

3. APPEAL AND ERROR—WORKMEN'S COMPENSATION—QUESTIONS REVIEWABLE.

On appeal from award of further compensation under 2 Comp. Laws 1929, § 8453, Supreme Court does not pass upon power of court of equity to modify, upon the ground of mistake, the original agreement as to plaintiff's average weekly wages set up in agreement signed by the parties and approved by department.

Appeal from Department of Labor and Industry. Submitted June 18, 1935. (Docket No. 66, Calendar No. 38,420.) Decided September 10, 1935.

Constance Roe presented her claim against George M. Adams, doing business as the Daily Record, employer, and Standard Accident Insurance Company, insurer, for compensation for an accidental injury sustained while in defendant's employ. On petition

for further compensation. From award to plaintiff, defendants appeal. Reversed.

*Peter P. Boyle* and *Louis Rosenzweig,* for plaintiff.

*Howard C. Fisher,* for defendants.

POTTER, C. J. Plaintiff, a linotype operator, November 8, 1933, suffered a compensable accident while in defendant The Daily Record's employ. An agreement in regard to compensation was made between the parties, a memorandum in writing of such agreement was made and filed with the department of labor and industry and subsequently approved by it. Under this agreement, plaintiff's average weekly wages were fixed at $16 a week, and the weekly compensation awarded at $10.67 during total disability. September 10, 1934, plaintiff applied for further compensation which was awarded, and defendants appeal.

Upon the hearing, it appeared plaintiff's average weekly wages had been $24 and upwards a week instead of $16, and plaintiff would have been originally entitled to compensation of $16 a week had no agreement been signed and approved by the department.

The sole question presented is, whether, upon an application for a modification of the rate of compensation under 2 Comp. Laws 1929, § 8453, the department of labor and industry may go back of the average weekly wages agreed upon and approved by the department in proceedings under 2 Comp. Laws 1929, § 8444, which provides the memorandum of such agreement shall be filed with the department of labor and industry, and, if approved by it, shall be deemed final and binding upon the parties thereto.

We conclude the proceedings had under 2 Comp. Laws 1929, § 8444, are what they purport to be, final and binding upon the parties thereto; that the object and purpose of 2 Comp. Laws 1929, § 8453, was and is to enable the department of labor and industry to vary the compensation of the injured party in accordance with his physical condition. We do not pass upon the power of a court of equity to modify, upon the ground of mistake, the original agreement as to the plaintiff's average weekly wages set up in the agreement signed by the parties and approved by the department.

The order of the department is reversed, and the cause remanded to the department for further consideration in accordance herewith.

Nelson Sharpe, North, Fead, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.