FAWCETT *v.* DEPARTMENT OF LABOR AND INDUSTRY.

1. Mandamus—Writ of Grace.
    The writ of mandamus is a writ of grace and not of right.

2. Workmen's Compensation—Correction of Clerical Errors— Duty of Department of Labor and Industry.
    It is the duty of the department of labor and industry on application of a party to a proceeding before it and notice to the other parties thereto to correct clerical errors in its records and set aside erroneous orders based thereon, even if entered by its direction as the department is not divested of jurisdiction to correct unauthorized and inadvertent entries.

3. Courts—Stare Decisis.
    If there is a conflict between decisions of two cases, the latter overrules the former *pro tanto*.

4. Workmen's Compensation—Approved Settlement Agreement.
    An approved settlement agreement as to payment of workmen's compensation is binding upon the parties thereto.

5. Same—Rehearings.
    Department of labor and industry may not conduct a rehearing of an award but the remedy, if any, is in equity.

6. Mandamus—Specific Remedy.
    Mandamus is the proper remedy for enforcing a specific legal right where there is no other adequate legal remedy.

7. Same—Specific Relief.
    Specific relief by way of mandamus should be granted if practicable where none but specific relief will do justice and where a right is single and specific, it usually is practicable.

8. Same—Setting Aside Erroneous Order.
    Mandamus to compel vacation of an order of department of labor and industry awarding compensation *held*, proper remedy to prevent miscarriage of justice where such order had been en-

tered by department in the belief that a certain settlement agreement, previously filed, had not been approved whereas the fact was the agreement had been approved and department, under such circumstances, had no jurisdiction to enter award of compensation.

Appeal from Department of Labor and Industry. Submitted September 28, 1937. (Calendar No. 39,578.) Decided December 15, 1937.

Frank Atherton presented his claim for compensation against Franklin Fawcett, employer, and United States Fidelity & Guaranty Company, insurer. On petition for further compensation. Award to plaintiff. Defendants' application for delayed appeal is treated as application for mandamus to compel department to vacate order entered. Writ granted and case remanded.

*Denis McGinn*, for appellants.

BUSHNELL, J. Plaintiffs sought a delayed appeal from an order of the department of labor and industry, awarding compensation under facts hereinafter stated. No opposition was made thereto and, after due consideration, we treated plaintiffs' application as a petition for a writ of mandamus and issued an order to show cause. The subsequent answer of the department admits that its order, dated May 26, 1936, was mistakenly entered in the belief that a certain settlement agreement, previously filed, had not been approved and says that, after the entering of the order, it was discovered that the department was mistaken and that the settlement agreement had in fact been approved. The remainder of the answer is, in substance, that the legal effect of the erroneous order is a matter of law to be determined by this court.

It appears that one Frank Atherton, then in the employ of Franklin Fawcett, who is plaintiff in the instant case, received an accidental injury on February 12, 1931, and was paid compensation, by agreement, until July 29th of that year, when further payments were suspended by reason of a settlement receipt, which was approved by the department August 22, 1931. On January 2, 1935, Atherton filed a petition for further compensation, which was allowed by the deputy at the rate of $10 per week from July 29, 1931, until further order, there having been deducted, however, compensation for 39 days of this period. Fawcett and his insurer then filed claim for review, together with a petition to take further testimony, which was allowed on September 11, 1935. The award of the deputy was affirmed by the department on May 26, 1936, with a slight modification. The opinion accompanying the award, written by one of the commissioners, states that the settlement receipt in question had never been approved and for that reason held the original award was still in force. Compensation was awarded under the original award at $10 per week from July 29, 1931, the date to which compensation had been paid.

Being informed of this decision, Fawcett's counsel immediately communicated with the department and provided it with a copy of the approved settlement receipt. A few days later counsel went to Lansing and talked to the commissioner who wrote the opinion and he was assured by the commissioner that the erroneous opinion and order would be corrected without the necessity of an application for leave to appeal to this court. Not hearing anything further, counsel again went to Lansing some 30 days later and was informed that a supplemental order would be entered. Relying upon the representation of the department, Fawcett and his insurer assumed that

the necessary correction would be made; and eventually, by reason of a change in the personnel of the department, found themselves confronted with an uncorrected and erroneous order entered by mistake, and, apparently, no remedy available other than an application for a delayed appeal. The record contains a draft of an unsigned supplemental order and opinion prepared by the department, from which we quote the following:

"Inasmuch as this order approved was not discovered until May 26, 1936, at which time an order was entered granting compensation, this order is in order and this opinion is a correction thereof by the consent of both parties to this matter."

The unsigned opinion concluded with the finding that claimant was not entitled to receive or recover compensation. The record before us also contains telegrams and letters, signed by the department and the commissioner, corroborating the claim of counsel. There is also a copy of a letter addressed to the employee, dated July 23, 1936, stating that a correction must be made in the original opinion and order. Counsel is completely absolved from any lack of diligence and neglect in a letter over the signature of the then chairman of the commission, in which he states—"this department must take the responsibility for the delay in this matter in not correcting the matter and that you personally were not responsible for the situation."

This letter indicates that the department intended to make the proper order as soon as it heard from employee's attorney but the record does not inform us what happened thereafter.

The office of the writ of mandamus, a writ of grace and not of right, is fully discussed in *People, ex rel. Township of LaGrange,* v. *State Treasurer,* 24 Mich. 468; *Tawas & Bay County R. Co.* v. *Iosco*

*Circuit Judge,* 44 Mich. 479, and many other opinions of this court.

We had occasion to review the functions of this writ rather recently in *Chemical Bank & Trust Co.* v. *County of Oakland,* 264 Mich. 673, in which we quoted a portion of the *LaGrange* opinion and cited many authorities on pages 678, 679 and 680. It would seem unnecessary to repeat them here.

In *Wilcox* v. *Clarage Foundry & Manfg. Co.,* 199 Mich. 79, we said at page 87:

"There is evidence in the record to support the facts found by the board,* and under the facts as found it would have been the duty of the board* on application by plaintiff and notice to defendants to correct the so-called clerical errors in its records and set aside its erroneous order of approval, even if entered by its direction. The board* was not divested of jurisdiction in the matter by the, as it returns, unauthorized and inadvertent entries and notice."

A search of the reported cases since this decision does not indicate that we have modified or changed this view of the duty of the department as expressed in the *Wilcox Case.* It is true that in *Kirchner* v. *Michigan Sugar Co.,* 206 Mich. 459, we permitted the department to correct a mistake in the amount of compensation awarded, and in *Roe* v. *Daily Record,* 273 Mich. 5, held, at least by inference, that such a correction could not be made. Our attention was called to this discrepancy in *Tulk* v. *Murray Corporation of America,* 276 Mich. 630, in which we said:

"If there is a conflict between the decisions, the latter overrules the former *pro tanto.*"

---

* The powers and duties of the industrial accident board, here referred to, have been transferred to the department of labor and industry and the board abolished. See 2 Comp. Laws 1929, § 8312.—
Reporter.

It is well established that an approved settlement agreement is binding and the department may not conduct a rehearing of an award, but that the remedy, if any, is in equity. Nevertheless, it is also fundamental that the writ of mandamus "ought to be used upon all occasions where the law has established no specific remedy, and where, in justice and good government, there ought to be one. * * * It is the inadequacy, and not the mere absence, of all other legal remedies, and the danger of a failure of justice without it, that must usually determine the propriety of this writ. Where none but specific relief will do justice, specific relief should be granted if practicable. And where a right is single and specific it usually is practicable. * * * There is the strongest possible reason why a party should not be turned over to the tedious and dilatory process of a long suit, when there are no issues that need it." *People, ex rel. Township of LaGrange,* v. *State Treasurer, supra.*

The remedy for this obvious miscarriage of justice under the facts hereinbefore related is appropriately that of mandamus.

The writ will issue directing the department to set aside its erroneous order dated May 26, 1936, it having been clearly based upon a mistake on the part of the department. The case is remanded to the department for further proceedings in review of the deputy commissioner's award. Costs to plaintiffs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, SHARPE, POTTER, and CHANDLER, JJ., concurred.