McLEAN *v.* EATON MANFG. CO.

1. WORKMEN'S COMPENSATION—FINDING OF PROXIMATE CAUSE—EVIDENCE—PNEUMONIA.

Finding of department of labor and industry of causal connection between injury suffered by plaintiff and subsequent pneumonia, being supported by testimony of physicians, may not be disturbed by Supreme Court.

2. SAME—QUESTIONS REVIEWABLE.

Supreme Court does not consider questions raised in a claim of appeal from a decision of the department of labor and industry unless it affirmatively appears that the point was specifically urged before the department.

3. SAME—REVIEW LIMITED TO QUESTIONS PRESENTED TO THE DEPARTMENT.

Under rules of the department of labor and industry, employer denying liability under workmen's compensation act to injured employee is required to set forth with reasonable detail and certainty the grounds of defense relied on, and review in Supreme Court is limited to points made and presented to department.

4. SAME—SAVING QUESTIONS FOR REVIEW.

Questions as to sufficiency of evidence in proceeding to obtain workmen's compensation to support bill of plaintiff's attending physician which was not specifically mentioned on review by the department of labor and industry was not saved for review by the Supreme Court.

5. SAME—ORIGINAL HOSPITAL BILL—WAIVER OF OBJECTION AS TO COMPETENCY.

In proceeding before department of labor and industry, failure to raise question or make objection as to competency of original hospital bill while department had case on review after having twice successfully objected to admission of documents purporting to contain the charges of the hospital waived objection to the new evidence.

6. Same — Medical and Hospital Care — Notice to Employer — Emergency.

>    To excuse an employee from giving notice to his employer of need to furnish medical care and hospitalization, it must appear that the circumstances are such that there will be an additional delay, dangerous to the life or health of the employee, if efforts are made to contact the employer and afford him an opportunity to furnish the needed medical care.

7. Same — Medical Care — Emergency — Notice to Employer.

>    Employee who suffered an injury which is alleged to have resulted in pneumonia and empyema was not entitled to recover for medical and hospital expense, except for one consultation, prior to notification of employer, where evidence does not show existence of emergency, dangerous to life or health of the plaintiff, which excused notice to employer and afforded him an opportunity of furnishing the needed medical care (2 Comp. Laws 1929, § 8420).

8. Same — Medical Care — Notice to Employer.

>    Notice given employer's foreman by one of defendant's employees that plaintiff had been hospitalized *held*, sufficient to charge employer for medical expenses subsequent to such notification, it being sufficient merely to require that he receive notice of the accident and that the employee is receiving medical care (2 Comp. Laws 1929, § 8420).

9. Same — Rehearing.

>    A rehearing involves a reopening of a case for a redetermination of basic facts and may not be permitted by the department of labor and industry.

10. Same — Correction of Mistakes — Mandamus.

>    The correction of a mistake in an original order of the department of labor and industry which involves merely making the department's order conform to its previous actual finding of basic facts is not only permissible but may be required by mandamus.

11. Same — Approved Agreement — Mistake.

>    The department of labor and industry cannot set aside an award based upon an approved agreement on the ground that the parties made a mistake in the facts upon which the agreement rested because when the department approves an agree-

ment, it, in effect, finds the facts to be in accord with those
set up in the agreement and to correct such a mistake would
involve a redetermination of basic facts.

12. SAME — AMENDMENT OF AWARD — MISTAKE — CHARGES OF CON-
SULTING PHYSICIANS.

Addition of charges of doctors, called into consultation within
statutory 90-day period, by way of amendment of original
order by department of labor and industry *held*, proper,
where deputy's finding was silent on the subject, parties
thereafter stipulated as to amount without prejudice as to
defendant's right to question the allowance of bills for med-
ical services in the case and original order awarding com-
pensation to plaintiff failed to mention such charges, and
department had not approved by agreement as to compensa-
tion but, by mistake, had failed to make an order in accord
with its own independent findings (2 Comp. Laws 1929,
§ 8420.

Appeal from Department of Labor and Industry.
Submitted June 8, 1938. (Docket No. 44, Calendar
No. 40,059.) Decided November 10, 1938. Rehear-
ing denied December 22, 1938.

Alex McLean presented his claim against Eaton
Manufacturing Company, employer, for compensa-
tion for injuries sustained while in defendant's em-
ploy. Award to plaintiff. Defendant appeals. Modi-
fied and affirmed.

*John J. Gallagher* and *Owen Dudley,* for plaintiff.

*Haskell L. Nichols,* for defendant.

BUSHNELL, J.   Plaintiff's notice and application
for adjustment of claim filed with the department of
labor and industry states that, on March 31, 1937,
while employed by defendant as an edge bend op-
erator, an accident happened as follows:

"While 'straw boss' was adjusting one of ma-
chines the fire in the furnace was turned down, which

caused the bumper arms at the bottom of furnace to stick. I pushed hard on rake. The arms were stuck tightly to bottom of furnace and rake handle slipped thru my hands, consequently striking me in right lower chest; resulting in traumatic pneumonia and empyema."

Defendant denied that plaintiff suffered an accidental injury and said that the pneumonia and empyema were not the results of a blow upon the chest but were the natural sequelæ of influenza and coryza suffered by the plaintiff prior to his illness.

In the proceedings before the deputy commissioner, plaintiff testified that, after the accident, his side bothered him a good deal and, at noon, on the day following the accident, he went to Van Etten, defendant's first aid man, and told him he had cracked his rib. Van Etten examined plaintiff with a stethoscope and put adhesive tape around his chest. On Friday, because the factory was closed, he remained at home, and, on Saturday, Dr. Foust was called. He pronounced the ailment pneumonia and McLean was taken to the W. A. Foote Memorial Hospital, where he remained for four months and five days. On Tuesday following plaintiff's hospitalization, defendant's foreman received a report from one of his men that plaintiff was in the hospital.

Although Dr. Foust had never seen another case of traumatic pneumonia, he attributed McLean's illness to the injury and, upon cross-examination, he quoted from various medical books in support of this diagnosis. Dr. Corley, who assisted in the treatment of plaintiff, confirmed the diagnosis of Dr. Foust, although he also never previously attended a case of traumatic pneumonia. Defendant's medical experts claimed the pneumonia did not result from any in-

jury as there were no visible evidences of contusions or abrasions on the patient's chest. One of them, Dr. Kugler, said that he had never had an examination of a traumatic pneumonia that he recognized as such, "because there would be no difference in the appearance between a traumatic pneumonia, so-called, and ordinary pneumonia." There is evidence to support the department's finding of a causal connection between the injury and subsequent pneumonia, and we may not disturb such finding. *Melancon* v. *Chrysler Corp.*, 284 Mich. 360.

At the hearing before the deputy, plaintiff failed to produce an itemized statement of the medical services rendered by Dr. Foust. The deputy instructed the doctor to prepare an itemized statement for the first 90 days and mail it to him at Lansing. His charges were included in the deputy's award, which was affirmed by the department on review. Defendant says that no testimony was ever introduced at the hearing before the deputy commissioner as to the amount of Dr. Foust's charges. The only objection ever made by defendant to the allowance of this bill was a general objection in its application for review of the deputy's award, in which appellant stated:

"That the department [sic] erred in allowing to Doctor W. L. Foust a fee of $662, and allowing to W. A. Foote Memorial Hospital the sum of $537.65 for hospital bill."

In defendant's answer to plaintiff's petition requesting the department to take additional testimony appears the statement that:

"Defendant, in its appeal taken in this case, has objected to the allowance of any medical expense."

The opinion of the department is silent on the question of the sufficiency of the evidence as to Dr. Foust's bill. We do not consider questions raised in a claim of appeal from a decision of the department of labor and industry unless it affirmatively appears that the point was specifically urged before the department. See *Aske* v. *W. E. Wood Co.,* 248 Mich. 327, where the court said:

"The rules of the department of labor and industry require an employer, if denying liability, to set forth with reasonable detail and certainty the grounds of defense relied upon. Review here is limited to points made and presented there. We will consider such points only as the record affirmatively shows were presented to the commission for decision. This record does not show that the point of loaned employee was submitted to the commission. It is not enough that the point could have been presented under the notice of contest and the evidence."

See, also, *Wheat* v. *Clark & Hulse,* 227 Mich. 556, where the court held that the question of applicability of the general statute of limitations was not stated with sufficient particularity in the application for review by the department, to be considered on appeal in the Supreme Court. The precise question raised here does not appear to have been specifically mentioned below and, therefore, it was not saved for review by this court.

The deputy allowed a bill of the Foote Hospital in the sum of $537.65, and this award was also affirmed by the department. Appellant says no competent evidence was introduced before the deputy concerning this bill and that the department was in error in affirming this award. It does not appear that the question of the competency of the evidence concerning the amount of this bill was ever raised

before the department on review, nor did appellant make proper objection at the time the hospital bill was offered in evidence. Appellant had twice successfully objected to the admission of documents purporting to contain the charges of the hospital, on the grounds that the papers were either not properly itemized or not sufficiently identified. Thereafter, following the colloquy between the deputy and Dr. Foust regarding his bill, plaintiff offered in evidence the original hospital bill, together with an itemized statement, which had been brought into court by a messenger, and they were admitted without objection, despite the fact that no one was produced to substantiate the items. By failing to repeat its objections, previously sustained, defendant waived any objection to the admission of this new testimony. *Marbury Lumber Co.* v. *Heinige,* 204 Ala. 241 (85 South. 453); *Bailey & Company* v. *Ogden,* 75 Ga. 874; *Holtzendorf* v. *McNeil,* 25 Ga. App. 792 (104 S. E. 919). Had defendant's previous objections been overruled, perhaps it would not have been necessary to renew them, since the harm would already have resulted from the admission of the testimony.

However, another question is raised on this appeal as to defendant's liability for any medical and hospital expenses. 2 Comp. Laws 1929, § 8420 (Stat. Ann. § 17.154) provides that:

"During the first ninety days after the injury the employer shall furnish or cause to be furnished, reasonable medical, surgical and hospital services and medicines when they are needed."

Defendant claims that no request was made that it furnish medical care and hospitalization and that it had insufficient notice of plaintiff's need for such

care and, therefore, no liability arose under the statute. Defendant does not state in its brief how much notice it believes it was entitled to. Defendant had prompt notice of the fact that plaintiff claimed an accident had occurred and, several days later, it was informed that plaintiff was in the hospital, although it may be assumed that defendant did not suspect that there was any connection between the two events.

The department found that, on the Saturday prior to plaintiff's hospitalization, his condition was very serious and that immediate medical care was required. It said that the circumstances warranted the conclusion that an ''emergency'' existed, which dispensed with any requirement of notice to the employer. *Gage* v. *Board of Control of Pontiac State Hospital*, 206 Mich. 25 (7 A. L. R. 533). There is no evidence to support this finding of the department. The ''emergency'' rule of the *Gage Case* requires more than that the plaintiff's situation be an urgent one. To excuse notice, it must appear that the circumstances are such that there will be an additional delay, dangerous to the life or health of the employee, if efforts are made to contact the employer and afford him an opportunity to furnish the needed medical care. In the instant case, plaintiff was not admitted to the hospital until some time following Dr. Foust's diagnosis of pneumonia. There is no showing by plaintiff that his employer could not have been informed of his needs without causing any dangerous additional delay or that any such delay would have been involved in giving the employer the opportunity of selecting a hospital and removing plaintiff thereto.

Defendant had no knowledge of plaintiff's hospitalization until three days after his admittance and it cannot be held liable for expenses incurred prior

to notification thereof, except that plaintiff was entitled to the reasonable cost of a consultation with Dr. Foust, his private physician, and may be allowed such charge. *City of Milwaukee* v. *Miller,* 154 Wis. 652 (144 N. W. 188, L. R. A. 1916A, 1, Ann. Cas. 1915B, 847) ; *Leadbetter* v. *Industrial Accident Commission,* 179 Cal. 468 (177 Pac. 449).

The notice received by the defendant was sufficient, even though no request for medical services was made by plaintiff, to hold defendant liable for the expenses incurred by McLean subsequent to such notification, there being no showing by defendant that a change in hospital facilities and doctors could not have been made had defendant offered such services. The employee who requires medical attention is, presumably, not in the best condition to protect his interests and he should not be required to take the initiative and request the employer to supply his medical needs. It is a sufficient burden upon the employee, and sufficient protection to the employer, to require that the latter receive notice of the accident and of the fact that the employee is receiving medical attention, in order to charge the employer with medical expenses under the statute, *supra.*

Subsequent to the decision of the deputy, and before the award was reviewed by the department, the parties filed a stipulation with the department to the effect that two physicians, Dr. Cecil Corley and Dr. R. J. Hanna, were called into consultation by Dr. Foust in relation to the illness of plaintiff, and that their charges totalled $160. This stipulation was made ''without prejudice to the defendant's right to question the allowance of bills for medical services in this case.'' The charges of neither Dr. Corley nor Dr. Hanna were mentioned in any way in the award of the deputy. The original order of the department,

on review, entered January 13, 1938, failed to mention their charges and, on January 26, 1938, an order was entered amending the original order and allowing the same. The second order stated that ''the attention of the department has been called to a clerical error in the order of the department entered on January 13, 1938, as the order did not direct defendant, Eaton Manufacturing Company, to· pay Dr. Cecil Corley $135 and Dr. R. J. Hanna $25 for medical services rendered within the statutory period.''

Appellant contends that the department had no power to amend its original order, since this was, in effect, equivalent to the granting of a rehearing. *Guss* v. *Ford Motor Co.,* 275 Mich. 30. The rule of the *Guss Case,* precluding the granting of rehearings, does not mean that the department may not correct a mistake in its original order. A rehearing involves a reopening of the case for a redetermination of basic facts. *Tulk* v. *Murray Corporation,* 276 Mich. 630. This the department may not permit. However, correction of the mistake in the original order in the instant case involves merely making the department's order conform to its previous actual finding of basic facts. This is permissible (*Wilcox* v. *Clarage Foundry & Manfg. Co.,* 199 Mich. 79, *Fawcett* v. *Department of Labor & Industry,* 282 Mich. 489), and may be required by mandamus. *Fawcett* v. *Department of Labor & Industry, supra.* This rule must be distinguished from our holding in *Roe* v. *Daily Record,* 273 Mich. 5, and *Tulk* v. *Murray Corporation, supra,* overruling *Kirchner* v. *Michigan Sugar Co.,* 206 Mich. 459. In the *Roe* and *Tulk Cases* we said that the department cannot set aside an award based upon an approved agreement on the ground that the parties made a mistake in the facts upon which the agreement rested. This

rule is founded upon the proposition that, when the department approves an agreement, it, in effect, finds the facts to be in accord with those set up in the agreement; therefore, to correct a mistake in the award would involve a redetermination of basic facts. No such agreement is involved in the instant case. The mistake was made by the department in failing to enter an order in accord with its own independent findings.

The department was not in error in entering the amended order of January 26, 1938, which included an allowance of the bills of Drs. Corley and Hanna. The order of January 13, 1938, affirming the award of the deputy, is correct insofar as it included compensation to plaintiff, the charges of Dr. Foust, and the Foote Hospital, subsequent to April 5, 1937. The amount of the award of January 13, 1938, however, is incorrect because of the inclusion of items prior to April 5, 1937, with the exception of one visit by Dr. Foust. The order of January 13th and the amended order of January 26th should be corrected in these respects, and the cause is remanded for the entry of a corrected order in accordance with this opinion. Costs to appellee.

Wiest, C. J., and Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred. Butzel, J., took no part in this decision.