LOUCKS *v.* BAUMAN.

WORKMEN'S COMPENSATION—AMPUTATION OF LEG—TOTAL DISABILITY
—FURTHER COMPENSATION—FURTHER DEVELOPMENT.

    Pumper who was paid compensation for loss of left leg *held,*
    not entitled to further compensation for a period antedating
    1 year of time application was filed, for total disability due
    to instability of right leg, where workmen's compensation
    appeal board found that the total disability resulted from both
    the amputation of the left leg and unstable condition of the
    right leg which had existed since the date of the original
    injury, the application being for further compensation for the
    original injury and not an application for compensation for
    a further development (CL 1948, § 413.14).

    SMITH, BLACK, and VOELKER, JJ., for dismissal of writ granting
review.

Appeal from Workmen's Compensation Appeal
Board. Submitted April 18, 1958. (Docket No. 100,
Calendar No. 47,631.) Decided January 12, 1959.

Harvey Loucks, after receiving compensation for
specific injury due to amputation of leg, presented
his claim against Marshall H. Bauman, Leo S. Schrot
and State Accident Fund for additional compensa-
tion for loss of use of other limb. Award to plain-
tiff. Defendants appeal. Affirmed in part, reversed
in part.

*R. L. Miles,* for plaintiff.

*Harry F. Briggs* (*Stanley Dodge,* of counsel), for
defendants.

---

REFERENCES FOR POINTS IN HEADNOTES
58 Am Jur, Workmen's Compensation §§ 501, 510.

DETHMERS, C. J.  On June 20, 1947, plaintiff suffered an accidental injury necessitating amputation of his left leg.  On March 15, 1948, the workmen's compensation commission* awarded him compensation for 200 weeks for specific loss of his left leg, payments ending April 20, 1951.

On November 12, 1954, plaintiff filed application for hearing and adjustment of claim for injuries to his right leg sustained in that same accident on June 20, 1947.  On June 4, 1957, the workmen's compensation appeal board made a further award to him for total disability based on its finding that, "The record clearly indicates that the plaintiff has been totally. disabled from performing the work of a pumper since his injury, not only because of the amputation of his left leg but also by reason of the unstable condition of his right leg independent of his left leg."  They awarded compensation from May 11, 1951, to December 31, 1952.

Defendants appeal and rely on CL 1948, § 413.14 (Stat Ann 1950 Rev § 17.188), which provides:

"If payment of compensation is made (other than medical expenses) and an application for further compensation is later filed with the commission, no compensation shall be awarded by the commission for any period which is more than 1 year prior to the date of the filing of such application."

Defendants urge as controlling *Lynch* v. *Briggs Manufacturing Co.,* 329 Mich 168, which applied the quoted statutory 1-year limitation on the retroactive effect of an order for further compensation.  On this authority, defendants contend that. it was not competent for the appeal board to allow compensation

---

for any period before November 12, 1953, that being 1 year prior to plaintiff's filing of his application, and that because the award, as made, is for a period antedating that date it is void and should be reversed.

Plaintiff relies on *Morgan* v. *Lloyds Builders Inc.,* 344 Mich 524. There the plaintiff had suffered an accidental eye injury on January 14, 1948, a piece of metal having entered his eye, which, after a course of treatment, was surgically removed from his eye. In that connection he had been paid compensation from January 15 to January 31, 1948, and from December 13, 1948, to January 11, 1949. In 1951 further difficulty developed in his eye, for which he was treated by doctors, which resulted in loss of vision in the eye on May 9, 1951. On July 28, 1953, plaintiff filed an application for hearing and adjustment of claim. This Court held him entitled to compensation for loss of the eye as from May 9, 1951, the date of its loss, which was over 2 years prior to the filing of the application. This Court held the mentioned 1-year statutory limitation inapplicable because the application filed on July 28, 1953, was not, in the language of the statute, "an application for further compensation," but, rather, "a petition for loss of vision," which amounted to a "further development" occurring after the original disability for which compensation already had been paid. Thus, *Morgan* was distinguishable from *Lynch,* in which the 1-year limitation was applied, because in *Lynch* the application was for "further compensation" inasmuch as plaintiff there was held to be "still totally disabled in his skilled employment because of his occupational injury of 1946" (date of original injury) and there was no finding of subsequent development as in *Morgan.*

In the instant case, plaintiff speaks of a further development, after loss of the left leg, in that the "increased weight-bearing due to the loss of Louck's left leg directly contributed to and aggravated the

unstable condition of his right leg." The appeal board made no such finding of fact that the disability of the right leg was a further development, and there is no testimony to support such theory in the appendix. On the contrary, the appeal board expressly found that plaintiff's total disability resulted from both the amputation of the left leg and the unstable condition of the right leg which had existed since the date of his accidental injury on June 20, 1947. This is, then, according to the finding of fact of the appeal board, not a case of a further development, resulting in a disability which did not exist when compensation was allowed for the loss of the left leg, but, rather, an application for further compensation for a disability existing from the date of injury, on which an award of compensation may not, under the quoted language of the statute, be made for any period more than 1 year prior to filing the application on November 12, 1954.

The award of the hearing referee found that plaintiff had a disability resulting from an injury which arose out of and in the course of his employment, but that he had suffered no wage loss since November 9, 1953, that being 1 year prior to the date appearing on the application for further compensation, and that, therefore, he was not entitled to compensation benefits. The referee thus having applied the mentioned 1-year limitation of the statute and denied plaintiff compensation benefits, there was no occasion for defendant, on appeal to the workmen's compensation appeal board from the referee's finding of disability arising out of and in the course of employment, to urge the bar of the statute to compensation for any time antedating the 1-year period. Necessity therefor arose only on appeal here, after the appeal board granted compensation in violation of that statutory bar. The provision of the statute in question does not impose a limitation of actions, fixing a time

limit within which actions may be brought, which may be deemed waived by defendant's failure to assert it in defense, but, on the contrary, it places a limitation on the power of the appeal board which cannot be waived by parties. We allowed appeal expressly limited to the sole question of the effect and applicability of this statutory limitation or bar. Plaintiff has briefed that question only in this Court, as has defendant, and has not raised the point that defendant failed to raise or argue the statutory bar before the appeal board. It is properly before us on this appeal.

The award is reversed and set aside insofar as it provides for compensation prior to November 12, 1953.

CARR and KELLY, JJ., concurred with DETHMERS, C. J.

BLACK, J. (*for dismissal of writ*). Lawyers and judges are wont to say that hard cases make bad law. Yet the contemplative student of appellate decisions knows that the antithetic soft case—the one of apparent insignificance and indifferent presentation—has always been our greatest breeder of regrettable precedent. This, depending on the swing of majority vote, may become such a case.

Our special order granting certiorari in this case was entered November 26, 1957. It reads as follows:

"In this cause an application is filed by defendants for leave to appeal from an order of the workmen's compensation appeal board and an answer in opposition thereto having been filed by plaintiff and due consideration thereof having been had by the court, it is ordered that the application be and the same is hereby granted, limited to the single question of appellants' claim that CL 1948 § 413.14 (Stat Ann 1950

Rev § 17.188) bars or limits the award currently under consideration."

Two of our Brothers, assigning separate reasons, allege that the limited "single question" above is properly before us. One says that section 413.14 "places a limitation on the power of the appeal board which cannot be waived by parties." This I shall discuss later. Another says "The appeal board did apparently have the issue (of application to the case of section 413.14) before it, since its order makes. reference to the 1-year limitation date applied by the referee."[*]

*First:* When this Court grants certiorari, pursuant to section 12 of part 3 of the workmen's compensation act (CL 1948, § 413.12 [Stat Ann 1950 Rev § 17.186]), do we review any question the hearing referee may have decided (we say "may") absent due presentation of the same question to the appeal board? Until now, the answer has been one of repose.

*De Witt* v. *Grand Rapids Fuel Co.,* 346 Mich 209, 218: "The question so posed was not brought to the attention of the *commission* and it is not open to con-

---

[*] That the reader may appraise this "reference," the appeal board's complete order (not its opinion on review which is carefully confined to the questions counsel presented before it) is margin-quoted as follows:

"This cause having come before the workmen's compensation appeal board on appeal of the defendants from the award of Hearing Referee Nolan finding that plaintiff had a disability in his right leg as a result of the injury of June 20, 1947, but that he had suffered no wage loss since November 9, 1953, and therefore denying compensation; after due consideration of the evidence taken and the arguments and briefs of counsel (the appeal board having made a finding of facts and law) and it appearing to this appeal board that the award made, as aforesaid, should be modified.

"Therefore, it is ordered that the award of the hearing referee be and it is hereby modified and plaintiff is entitled to receive and recover compensation from the defendants at the rate of $21 per week from May 11, 1951, to December 31, 1951, inclusive, and at the rate of $8.68 per week from January 1, 1952, to December 31, 1952, inclusive."

sideration here (*McLean* v. *Eaton Manfg. Co.*, 286 Mich 285)."*

*McLean* v. *Eaton Manfg. Co.*, 286 Mich 285, 290: "The opinion of the department is silent on the question of the sufficiency of the evidence as to Dr. Foust's bill. We do not consider questions raised in a claim of appeal from a decision of the *department* of labor and industry unless it affirmatively appears that the point was specifically urged before the *department*. See *Aske* v. *W. E. Wood Co.*, 248 Mich 327, where the Court said:

" 'The rules of the department of labor and industry require an employer, if denying liability, to set forth with reasonable detail and certainty the grounds of defense relied upon. Review here is limited to points made and presented there. *We will consider such points only as the record affirmatively shows were presented to the commission for decision.* This record does not show that the point of loaned employee was submitted to the *commission.* It is not enough that the point could have been presented under the notice of contest and the evidence.'

"See, also, *Wheat* v. *Clark & Hulse,* 227 Mich 556, where the Court held that the question of applicability of the general statute of limitations was not stated with sufficient particularity in the application for review by the department, to be considered on appeal to the Supreme Court."

*Moore* v. *Fleischman Yeast Co.*, 268 Mich 668, 672: "The department of labor and industry adopted rules of practice and procedure for carrying out the provisions of the workmen's compensation act. Rule No 15 provides that if the employer or insurer deny liability, they must file an answer setting forth with reasonable details and certainty all the essential

---

* By PA 1955, No 62, the "appellate functions, powers and duties" formerly vested in the workmen's compensation commission were transferred generally to the newly-created workmen's compensation appeal board. See section 10 thereof, CLS 1956, § 408.10 (Stat Ann 1957 Cum Supp § 17.6[16]).

grounds of defense, to which they will be limited both on the hearing before the deputy and on review before the *commission,* unless in exceptional cases and for good cause shown an amendment is permitted to be filed. Appellants based their defense almost exclusively on the ground that there was no employment. Appellants gave no notice of this additional ground of defense and plaintiff was not bound to meet it. *Roach* v. *Kelsey Wheel Co.,* 200 Mich 299."

*Raykov* v. *Crittall Casement Window Co.,* 256 Mich 28, 29, 30: "At the hearing before the deputy commissioner, defendants raised the point that plaintiff had not answered their petition to stop compensation, and cited Rule No 20 of the rules of the department. The record does not show this question to have been urged before the *commission* on review. Therefore it will not be considered here. *Aske* v. *W. E. Wood Co.,* 248 Mich 327."

*Reno* v. *Holmes,* 238 Mich 572, 573, 574: "Defendants here urge that the agreement for compensation for the loss of a foot is *res judicata* and cite the holdings of this Court to the effect that the commission may not grant rehearings. But no such claim was made in denying liability. In *Roach* v. *Kelsey Wheel Co.,* 200 Mich 299, we considered the power of the (then) board to make rules, quoted Rule No 5 adopted by it which limited the defenses to such as are stated in the denial of liability, and said (p 305):

" 'The rule in question was within the power of the board to adopt. It is reasonable and valid; it not only binds the board, and litigants before it, but it binds this Court. Being reasonable and within the power of the board, this Court must follow it and recognize it in cases coming here for review.'

"The defense of *res judicata,* not having been made in defendants' denial of liability, can not be here urged."

*Doherty* v. *Township of Grosse Isle,* 205 Mich 592 599: "The claim that Doherty was a casual employee

was concededly not properly raised before the *accident board* nor passed upon by it. Defendant's written grounds of defense in denial of liability filed with the board under its Rule No 5, to which defendant is limited, contains no notice of such claim. In that particular the situation is substantially as in *Roach* v. *Kelsey Wheel Co.*, 200 Mich 299, where the subject is amply discussed."

Phrasing it from *McLean's* quotation of *Aske,* this first question is whether the record "affirmatively shows" that the "single question" of limitation (alleged in this Court under said section 413.14) was presented to the appeal board for decision. Better than *Aske's* record, this one gives forth an especially forceful answer. It "affirmatively shows" that the mentioned "single question" was *not* submitted to the appeal board for decision and that the parties carefully confined themselves, before the referee as well as the board, to 2 specific defensive questions, neither of which is before us on account of the curtailing scope of our said order of November 26, 1957. What is more, defendants' unamended and detailed answer, filed below November 24, 1954, makes no claim or remote hint that Mr. Loucks' present application is "an application for further compensation" to which said CL 1948, § 413.14 (Stat Ann 1950 Rev § 17.188) should be applied.* By what authority, then, do my Brothers assume to decide that which the parties studiously avoided below?

The Chief Justice, without reasoning or authority, answers as stated above, *viz.,* that said section 413-.14 "places a limitation on the power of the appeal board which cannot be waived by parties." At this point, foregoing unanimous authorities considered, we come to major disagreement. The undersigned will not be enticed into decision of such meritorious

---

* Indeed, in their brief to the appeal board, defendants characterize it as an "application for hearing." See appendix.

question until, in this or some future case, the appeal board is asked to determine the pivot premise thereof, namely, that an application for compensation for wage loss arising from disability, such disability having ultimately arisen from injury to a member caused by the same industrial accident in which another and specifically-compensable member is lost, becomes (when filed after payment of compensation for the specific loss) an application for further compensation within said section 413.14.

For the reverse of this situation (disability award first and specific loss award second) see *Morgan* v. *Lloyds Builders Inc.*, 344 Mich 524. There this Court expressly distinguished—for the purposes of said section 413.14—an award of compensation for disability-caused wage loss from an award for specific loss. And *Morgan* does not stand alone in such regard. See opinion of Mr. Justice SMITH in *Jones* v. *Cutler Oil Co.*, 356 Mich 487, where the same distinction is made with irrefutable interpretive reasoning.

The 2 specific defensive questions mentioned above were made the basis of a motion to dismiss before the referee. They were the only questions defendants urged before the referee. They were the only questions defendants briefed for and submitted to the appeal board. They are the 2 questions the appeal board did consider and decide as shown in its unanimous and excellently-reasoned opinion on review. Later, such 2 questions were included (along with the new "single question" posed under said section 413.14) in defendants' application for leave to appeal. Such 2 questions will be found in defendants' brief to the appeal board.*

_____

* This case was submitted to the appeal board on briefs, pursuant to Rule No 10 of the departmental rules. Defendants' brief to the board, under the heading "Argument," states and argues the desired reviewable questions. It will be found annexed hereto as an appendix.

Now then: Careful reading of the complete transcript of testimony and proceedings before the referee leads to conclusion that defendants, quite understandably, were solely and exclusively interested—in both forums below—in obtaining a favorable answer to either of the 2 raised questions. Such answer or answers if given would have the effect of wiping out, by adjudication and once for all, every claim for compensation against defendants Mr. Loucks—having lost one leg and having injured the other by the accident of 1947—might have presented or might hereafter present following payment of the 1947 award for specific loss (of the one leg). In our view this explains the complete absence—in pleadings, transcripts, briefs and entire record as brought here —of any address by any party to said section 413.14. It proves also that the hearing referee (if the notation upon the printed form of award* shows that his purpose was that of avoiding the presented questions by applying said section 413.14) proceeded solely on his own motion and that defendants did not care to review, before the appeal board, any question aside from those actually presented. Too, it explains view of the undersigned that this Court should undertake no determination of applicability to any case of section 413.14 unless and until the appeal board has done so or has refused to do so.

*Second:* It is said that the gratuitous and enigmatic notation of the hearing referee, as written by him into the award (quoted at margin), constitutes evidence that the "single question" brought here was raised before as well as decided by the referee.

---

* The printed form of "award," signed under date of April 28, 1956, by the hearing referee, consists simply of filled in blanks plus the following finding only:

"Plaintiff has a disability in his right leg as a result of the injury of June 20, 1947. However, he has suffered no wage loss since November 9, 1953, and is therefore not entitled to compensation benefits."

There being no direct or indirect reference to said section 413.14—anywhere in the voluminous record of testimony and proceedings as certified to us—and no suggestion below that Mr. Loucks' 1947 and 1954 application were related under the section so that the latter constituted "an application for further compensation," it would appear that our Brothers at this point strain themselves. And, as they heave in mighty unison, we note that the Brothers receive no support from defendants' counsel. The latter have not the temerity to suggest that either the referee or the appeal board was asked to decide any question under section 413.14.

Even the date (November 9, 1953) specified by the hearing referee cannot be fitted—as a matter of intention on his part—to the statute, since the date of filing of plaintiff's application was November 12, 1954. Surely, if the referee on his own motion and without advising counsel was intent on application to the case of said section 413.14, it is fair to assume that, having identified the intended statutory provision, he would have ruled in some explicit form that defendants' application, as filed November 12, 1954, was (in the light of previous payment to plaintiff of an award for specific loss) a 1-year-limited application for "further compensation." Whatever the referee may have had in mind, it was not the appeal board's job to decode his quoted cryptogram short of request by either party. In turn, such is no function of this Court on review by certiorari. Better indeed that we stick to our known appellate last.

But it is said that plaintiff has briefed the "single question" above and has failed to "raise the point that defendant(s) failed to raise or argue the statutory bar before the appeal board." To this our answer is short. The action or inaction of counsel—indeed, their agreeable stipulation if any—cannot serve to make reviewable by this Court questions

not brought to attention of the appeal board. Our jurisdiction, on statutory review by certiorari of decisions of the appeal board, is appellate only. We do not hear and determine compensation cases *de novo*.

*To recapitulate:* We have erred once in this case. What turns out to be a legally groundless application for certiorari was erroneously, if inadvertently, granted by our special order quoted *infra*. Misled—unintentionally to be sure—by briefs supporting and opposing defendants' application, this Court unanimously resolved to issue its writ for the sole and limited purpose of reviewing a question which, as we now discover on review of the complete record, is not reviewable according to consistent declarations appearing in our reports. This first error is understandable. Likewise it is easily repaired.

Now, by separately-submitted opinions, it is proposed that we err again. This second error, which if it receive majority support will be infinitely worse than the first[*] because it will have been committed with contemplated knowledge of decisive facts, impels observation that confession of the first is better than an awkwardly reasoned effort to justify it. The 2 mistakes, if one be added to the other, make up a compound of pedantic bitters this Court will have to swallow in some future case.

The statute (CL 1948, § 413.16 [Stat Ann 1950 Rev § 17.190]) expressly commands that "All questions arising under this act shall be determined by the compensation commission [now appeal board]." Since the question of applicability of section 413.14 has originated here, without previous submission thereof to the appeal board, it appears to the undersigned that some of our Brethren would proceed to ignore the statute as well as the fixed rules by which

---

[*] "So the last error shall be worse than the first." Matthew 27:64.

our function on review (by certiorari) is expressly limited. Furthermore, standing as we now do in this particular field of interpretation of an involved and labyrinthian statute—a statute the appeal board is steadily required to interpret and apply in a perfect maze of perplexing cases,—we think it wise to observe that the specialized experience and training of the members of the appeal board relevantly transcend our more general learning and that this Court should, whenever possible, just for the sake of ever-needful certainty and accuracy in writing the bench law of this State, insist on the benefit of the board's views before it undertakes on certiorari to interpret and apply a specific section or sections of such statute.

We would dismiss the writ as having been improvidently issued.

Smith and Voelker, JJ., concurred with Black, J.

### APPENDIX

(Defendant's complete brief to the appeal board, commencing with heading "Argument.")

### ARGUMENT

1. Did the hearing on January 4, 1956, constitute a rehearing as to the injuries plaintiff sustained on June 20, 1947, where the workmen's compensation commission made a prior finding and order as to such injuries on March 15, 1948?

It has been repeatedly held by the Supreme Court that the workmen's compensation department may not grant a rehearing. *McLean* v. *Eaton Manfg. Co.,* 286 Mich 285 and *Boyich* v. *J. A. Utley Co.,* 306 Mich 625. The defendants objected to the hearing in the instant case, and asked that the application be

dismissed. It was said in the *McLean Case, supra,* 294:

"A rehearing involves a reopening of the case for a redemption of basic facts.   *   *   *   This the department may not permit."

Certainly the injuries incurred at the time of the accident on June 20, 1947 were basic facts which were determined in the findings of the workmen's compensation commission on March 15, 1948. No mention was made of an injury to the right leg in the commission's opinion. As a matter of fact, it could be said that the findings and order of the commission were *res judicata* as to the injuries sustained at the time of the accident. *Boyich Case, supra.*

2. Did the plaintiff give notice to his employers of an injury to the right leg and make claim for compensation benefits within the statutory period as a result of the alleged injury?

In any event, there is nothing in the record of this case to indicate that the plaintiff gave notice to the employer of an injury to the right leg as a result of the accident of June 20, 1947, nor is there anything to indicate that the defendant employers had notice or knowledge of such an injury as now claimed by the plaintiff. No claim for such an injury was made until the plaintiff filed his application for hearing on November 12, 1954. See the letter of Attorney R. L. Miles, dated October 29, 1954, attached to the application. The plaintiff failed to comply with the statute as to notice and claim of injury.

### RELIEF

Defendants contend that their motion to dismiss should have been granted by the hearing referee for the reasons stated, and again repeat that motion,

and ask further that the award of the hearing referee be set aside and reversed.

EDWARDS, J. (*concurring in partial denial of compensation*). Plaintiff in this matter, Harvey Loucks, was injured June 20, 1947, in the course of his employment as an oil well pumper. It appears that on the date in question, in attempting to start an oil well pump by kicking the flywheel with his foot, the pump started suddenly, catching his foot or feet and throwing him around. Essentially undisputed facts indicate severe mangling of the left leg which resulted in its amputation, and injury to his right knee.

Claimant filed application for compensation October 24, 1947, listing the nature of his disability as "left leg amputated above the knee," and he was subsequently awarded compensation for 200 weeks for this specific loss against the 2 coemployers currently named.

The 200-week payments expired on April 20, 1951. Three years subsequent thereto, on November 12, 1954, plaintiff filed another application for hearing and adjustment of claim, in this instance citing injury to the right leg, acknowledging compensation for the loss of the left leg, but claiming that the injury to the right leg was the basis for present disability.

On hearing before Referee James Nolan, the referee found:

"Plaintiff has a disability in his right leg as a result of the injury of June 20, 1947. However, he has suffered no wage loss since November 9, 1953, and is therefore not entitled to compensation benefits."

It is apparent that the hearing referee felt that he was governed in his limitation of compensation

by the provisions of a 1943 amendment to the workmen's compensation act, being CL 1948, § 413.14 (Stat Ann 1950 Rev § 17.188).

Plaintiff Loucks did not appeal this award. Defendants, seeking relief from an "open end" award which would occasion compensation in the event of disability-induced loss of wages, did appeal. Defendants' appeal claimed (1) that the original order for specific loss of the left leg was *res judicata* as to all injuries sustained at the time of the accident and that the effect of the subsequent award by the appeal board was to grant a rehearing beyond the authority of the appeal board; and (2) that there was no notice of injury to the right leg within statutory limitations.

No issue was presented to the appeal board relevant to the 1943 amendment, since obviously its application by the referee was in defendants' favor and there was no cross appeal by plaintiff.

The workmen's compensation appeal board found that a disabling injury to the right knee did take place in 1947 and that notice of the accident was ample notice to the employer of such injury. Thus, the 2 grounds for appeal urged by defendants were rejected by the appeal board and as to them it affirmed the referee's award.

The appeal board also went further, however, and on its own motion modified this award by granting compensation for 2 periods preceding November 9, 1953—from May 11, 1951, to December 31, 1951, at the rate of $21 per week, and from January 1, 1952, to December 31, 1952, at the rate of $8.68 per week. In this regard it was undoubtedly acting under decisions of this Court which have held that an appeal board hearing is *de novo* and not limited to just those questions which one party seeks to present. CL 1948, § 413.11 (Stat Ann 1950 Rev § 17.185) ; *Margenovitch* v. *Newport Mining Co.,* 213 Mich 272; *Thompson* v.

*Continental Motors Corporation,* 320 Mich 219; *Fawley* v. *Doehler-Jarvis Division of National Lead Co.,* 342 Mich 100.

Subsequent to the appeal board decision defendants again appealed, this time with an added ground. We granted leave to appeal limited to the contention that the 1943 amendment to the workmen's compensation act served to bar recovery for any period which is more than 1 year prior to the date of the filing of the application.

In its opinion the appeal board did not deal at all with the effect of the 1943 amendment which reads:

"If payment of compensation is made (other than medical expenses) and an application for further compensation is later filed with the commission, no compensation shall be awarded by the commission for any period which is more than 1 year prior to the date of the filing of such application." CL 1948, § 413.14 (Stat Ann 1950 Rev § 17.188).

This omission does not, however, appear to be sheer inadvertence. The appeal board did, apparently, have the issue before it, since its order makes reference to the 1-year limitation date applied by the referee. Whatever the reason may be for the appeal board's omission, in my view, the language of the amendment is clear and, as the referee indicated, it bars recovery in the fact situation presented as to any compensation prior to November 9, 1953. See *Lynch* v. *Briggs Manfg. Co.,* 329 Mich 168.

I agree with the Chief Justice that the findings of fact of the appeal board indicate that this was a claim for further compensation due to another injury which occurred at the same time as the original accident, rather than a subsequent development from the original injury (*cf., Morgan* v. *Lloyds Builders Inc.,* 344 Mich 524) or a change in physical condi-

tion after the original adjudication (*cf.*, *White* v. *Michigan Consolidated Gas Co.*, 352 Mich 201).

Under the record presented to us it appears to the writer that defendants are entitled to argue before us their claim of error as to failure of the appeal board to apply the 1943 amendment limitation in its own modification *sua sponte* of the referee's award.

The award of the appeal board should be affirmed, except as to the compensation awarded prior to November 12, 1953.

KAVANAGH, J., did not sit.