## HLADY *v*. WOLVERINE BOLT COMPANY.

1. WORKMEN'S COMPENSATION — LOSS OF 4 FINGERS — ADDITIONAL COMPENSATION FOR LOSS OF HAND—EVIDENCE.

   Where plaintiff had been paid in full on a specific award for the loss of 4 fingers of right hand and record is devoid of testimony tending to prove she had suffered any different or greater loss than normally results from the amputation of 4 fingers of a hand, plaintiff would not be entitled to compensation as for the loss of a hand (CL 1948, § 412.10).

2. SAME—SPECIFIC INJURIES.

   The right to workmen's compensation and the amount thereof for specific injuries are purely statutory (CL 1948, § 412.10).

Appeal from Workmen's Compensation Commission. Submitted April 12, 1949. (Docket No. 50, Calendar No. 44,260.) Decided May 18, 1949.

Mary Hlady presented her claim for further compensation against Wolverine Bolt Company, employer, and Michigan Mutual Liability Company, insurer, for injuries suffered while in its employ. Award to plaintiff. Defendant appeals. Reversed and remanded for entry of award for defendant.

*Maurice Sugar* (*Marcus, Kelman & Loria*, of counsel), for plaintiff.

*L. J. Carey* and *Geo. J. Cooper*, for defendants.

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation, § 287.
[2] 58 Am Jur, Workmen's Compensation, § 2.

North, J. Plaintiff, while in the employment of the defendant Wolverine Bolt Company, sustained an injury arising out of such employment which resulted in the loss of the major portion of the 4 fingers of her right hand. Plaintiff was paid compensation at the rate of specific awards for each of the 4 fingers amputated, totalling 100 weeks at $21 per week. The 100 weeks having terminated, plaintiff filed an application for hearing and adjustment of her present claim dated December 26, 1947, and an amended application dated January 5, 1948. In her amended application plaintiff describes the nature of her disability as follows:

"Crushing injury to right hand resulting in amputation of 4 fingers with sequelae, and injury to right shoulder. Plaintiff claims loss of industrial use of right hand and/or general disability. (Compensation has been paid.)"

The deputy commissioner found plaintiff had received the compensation to which she was entitled in full and concluded: "Hence, her claim for compensation in addition to that paid for her specific losses is denied." On review before the commission the ruling of the deputy was reversed and it was ordered that plaintiff was "entitled to compensation for the loss of her right hand at the rate of $21 per week from October 18, 1945 for 200 weeks with the defendant being given credit for the 100 weeks of compensation previously paid." The employer and the carrier of its risk have appealed.

Contrary to plaintiff's claim, the commission on review found as a fact that she was not suffering from any disabling condition except the loss of the 4 fingers of her right hand. In its opinion the commission stated:

"The (deputy) commissioner entered an award finding that the plaintiff had not suffered the statu-

tory loss of a hand. * * * The specific question before us is whether or not the plaintiff is entitled to compensation for the specific loss of her right hand. * * * It will be noted that there are no remaining serviceable portions of the amputated fingers. Such grip as there may be between the thumb and the palm of the hand would be of insignificant value in industry. The stump of the index finger is tender, further restricting the use of the hand. * * * We, therefore, find that the plaintiff has lost the industrial use of her right hand as the result of her amputations of October 18, 1945. * * * The fact that the amputations do not involve any portion of the hand beyond the 4 fingers does not warrant an opposite conclusion."

The sole question presented is whether the commission was justified, under the circumstances of this case, in awarding compensation to plaintiff for the loss of her right hand notwithstanding she had already been paid in full the specific award for the loss of the 4 fingers of that hand.

The record is devoid of testimony tending to prove that plaintiff has suffered any different or greater loss than normally results from the amputation of 4 fingers of a hand. Notwithstanding plaintiff claimed that the amputation of her fingers resulted in disabling "sequelae" and "general disability," the commission found none except disability which normally follows such amputations. *Lovalo* v. *Michigan Stamping Co.*, 202 Mich 85, cited by and relied upon by the commission in making its award involved an entirely different injury than in the instant case. Lovalo not only lost 4 fingers but also the major portion of his hand; and it was because he lost the major portion of his hand in addition to the loss of the fingers that he was awarded compensation for the loss of his hand.

The right to compensation and the amount thereof for specific injuries are purely statutory. To award plaintiff compensation for loss of a hand under this record would be in total disregard of the controlling statute. See CL 1929, § 8426, as amended by PA 1943, No 245* (Stat Ann 1947 Cum Supp § 17.160). As a matter of law the commission's award to plaintiff for the loss of a hand was erroneous, because there was no testimony that plaintiff's injury was other than the loss of 4 fingers of her right hand which resulted in no more than the normal impairment of industrial use which must always follow such amputations, or at least naturally and commonly results.

The award entered by the commission is vacated and the case remanded to the commission for the entry of an order denying plaintiff's petition for further compensation. Defendants may have costs of this appeal.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, DETHMERS, BUTZEL, and CARR, JJ., concurred.

---

* CL 1948, § 412.10.—REPORTER.