ADCOX *v.* NORTHVILLE LABORATORIES, INC.

OPINION OF THE COURT.

1. WORDS AND PHRASES—ASEPTIC NECROSIS.
    Aseptic necrosis is death of a portion of tissue occurring in the absence of bacterial infection.

2. WORKMEN'S COMPENSATION—FURTHER AND SUBSEQUENT DEVELOPMENT—QUESTION OF FACT.
    Question whether workmen's compensation claimant's injury is a further and subsequent development which would amount to

REFERENCES FOR POINTS IN HEADNOTES
[1-7] 58 Am Jur, Workmen's Compensation §§ 278, 279.
[8] 58 Am Jur, Workmen's Compensation § 514.

a new disability or a continuation of the same disability which he had suffered before is a question of fact, not of law, because it requires a determination of causality (CL 1948, § 413.12).

3. SAME—FURTHER AND SUBSEQUENT DEVELOPMENT—FINDING OF FACT.

Finding of fact by workmen's compensation appeal board, that claimant's disability, caused by aseptic necrosis of his hip following repair of the hip after plaintiff suffered a work-connected injury, was a continuation of the same disability for which compensation had already been paid rather than a further and subsequent development amounting to a new disability, cannot be upset on appeal where based upon competent evidence if no fraud is shown (CL 1948, § 413.12; § 413.14, as amended by PA 1965, No 44).

4. SAME—EVIDENCE—MEDICAL TESTIMONY—ASEPTIC NECROSIS.

Testimony by physician that aseptic necrosis only rarely develops spontaneously, that it is primarily the result of a trauma, that, considering claimant's age and surgery on his hip with insertion of 3 pins, the treating doctor should have been aware that such a condition might have developed, and that it would not be unusual for such a condition to be developing continually from the time of the original trauma, supports a finding of the workmen's compensation appeal board that claimant did not sustain the burden of proving a further and subsequent development amounting to a new disability, rather than a continuing disability from an original injury to his hip (CL 1948, § 413.12; § 413.14, as amended by PA 1965, No. 44).

5. SAME—ASEPTIC NECROSIS—APPLICATION FOR FURTHER COMPENSATION.

Application for further compensation by plaintiff who received a fractured hip while in the course of his employment, received benefits for over a year, was released for work but about 4 months later experienced severe pains in his hip which were caused by aseptic necrosis, 3 years later applied for and received compensation benefits for 1 year prior to application and from date of application on, *held*, properly denied as to period which was more than 1 year prior to date of filing an application where plaintiff did not prove a new or further development which amounted to a new disability (CL 1948, § 413.14, as amended by PA 1965, No 44).

DISSENTING OPINION.

T. G. KAVANAGH, J.

6. WORKMEN'S   COMPENSATION—WORDS   AND   PHRASES—FURTHER
   DEVELOPMENT.
   The term "further development" in workmen's compensation law
   means a disability which did not exist when compensation
   was allowed initially.

7. SAME—ELIGIBILITY—DATE OF DISABILITY.
   The date a condition becomes disabling, rather than when the
   pathological development begins, determines eligibility for
   workmen's compensation.

8. SAME—DISABILITY—ASEPTIC NECROSIS—LIMITATION OF FURTHER
   COMPENSATION.
   The 1-year rule is a limitation on further compensation for a
   disability for which some compensation was paid, but where
   no compensation was paid for disability caused by aseptic
   necrosis which started its pathological development with an
   original injury, but did not become a disabling condition
   until 1-1/2 years later, it should not be applied to an applica-
   tion for compensation filed 3 years after it became disabling
   (CL 1948, § 413.14, as amended by PA 1965, No 44).

Appeal from Workmen's Compensation Appeal
Board.   Submitted Division 1 October 3, 1967, at
Detroit.   (Docket No. 2,976.)   Decided April 3, 1968.
Leave to appeal granted June 27, 1968.   See 381
Mich 759.

Rawleigh R. Adcox presented his claim for com-
pensation against Northville Laboratories, Inc., and
Michigan Mutual Liability Company for injuries
sustained in the course of his employment.   Ref-
eree's partial denial of plaintiff's application af-
firmed by appeal board.   Plaintiff appeals.   Af-
firmed.

*Kelman, Loria, Downing & Schneider,* for plaintiff.

*LeVasseur, Werner, Mitseff & Brown,* for defend-
ants.

J. H. Gillis, J. Plaintiff Rawleigh R. Adcox appeals from a decision of the workmen's compensation appeal board which affirmed the referee's partial denial of plaintiff's application for hearing and adjustment of claim. Plaintiff had been employed by defendant Northville Laboratories, Inc., when injured, and defendant Michigan Mutual Liability Company carried the employer's workmen's compensation coverage.

On February 23, 1961, while in the course of his employment, plaintiff fractured his left hip. Corrective surgery was required and 3 pins were inserted in the hip. By the spring of 1962, plaintiff's recovery was sufficiently complete to allow him to return to work. The treating physician released plaintiff for work and, on April 30, 1962, compensation payments ceased. However, plaintiff was not rehired by his previous employer for the reason, as plaintiff was told, that work was slow at that time. On or about August 1, 1962, plaintiff began experiencing increasingly severe pains in his left hip, which extended the length of his leg. The symptoms were caused by aseptic necrosis[1] of the head of the left femur at the point of insertion in the hip socket.

A letter written by plaintiff was received and filed by the workmen's compensation department on September 17, 1965. Plaintiff formally applied for benefits on November 12, 1965, whereupon defendants voluntarily assumed liability for benefits for the period commencing November 12, 1964. After 2 hearings, the referee awarded additional compensation for the period of September 17, 1964 to November 11, 1964; the reason given for this award was that the letter filed September 17, 1965 was to be treated as an application for further compensation.

---

[1] Aseptic necrosis is "death of a portion of tissue occurring in the absence of bacterial infection." 2 Cantor, Traumatic Medicine and Surgery for the Attorney, p 105.

Plaintiff's request for compensation for the period of August 1, 1962, to September 17, 1964, was denied on the basis of CL 1948, § 413.14, as amended by PA 1965, No 44, effective June 3, 1965 (Stat Ann 1968 Cum Supp § 17.188).[2] The workmen's compensation appeal board affirmed this ruling on October 31, 1966; the board held "that plaintiff has not borne his burden of proving a new or further development which would in effect amount to a new disability."

The parties concur in stating the question to be: "Is plaintiff's claim for benefits under the Michigan workmen's compensation law, from August 1, 1962 to September 17, 1964, barred by part 3, § 14, of the workmen's compensation act?"

Plaintiff seeks to escape the one-year-back rule by contending that the disability caused by the aseptic necrosis was the result of a "further and subsequent development" and was not a continuation of the same disability for which compensation had already been paid. Defendants maintain that the condition was not a "further and subsequent development" and thus the one-year-back rule applies.

Plaintiff's brief characterizes this as a question of law and not of fact. We cannot assent to this proposition. Concededly, the line between "law" and "fact" is not always easily drawn. Though the phrase involved here has a legalistic ring, it represents a determination of causality, which is a peculiarly factual inquiry. The determination is not to be upset if based upon competent evidence, *Carter* v. *General Motors Corporation* (1960), 361 Mich 577,

---

[2] The relevant part reads: "If payment of compensation is made (other than medical expenses) and an application for further compensation is later filed with the commission, no compensation shall be awarded by the commission for any period which is more than 1 year prior to the date of the filing of such application."

and if no fraud is shown, *Martin* v. *White Pine Copper Company* (1966), 378 Mich 37.[3]

The only medical testimony presented in this case was that aseptic necrosis only rarely develops spontaneously, is primarily the result of a trauma, and that, considering plaintiff's age (60) and the surgery with insertion of 3 pins, "the treating doctor should be aware that such a condition may develop." When asked whether it would not be unusual for such a condition to be developing continually from the time of the original trauma, the doctor responded, "That is true."

In our opinion, this testimony supports the finding that plaintiff did not sustain the burden of proving a "further and subsequent development," that is, one injury with 2 distinct results. See *Palchak* v. *Murray Corporation of America* (1947), 318 Mich 482, 493.

Affirmed. Costs to defendants.

LESINSKI, C. J., concurred with J. H. GILLIS, J.

T. G. KAVANAGH, (*dissenting*). The medical testimony before the appeal board, set out in my Brothers' opinion, will support only one conclusion: the disability from aseptic necrosis is a further and subsequent development entitling plaintiff to compensation. The 1-year rule should not be applied to deny plaintiff's claim for benefits from August, 1962, to September, 1964.

In *Loucks* v. *Bauman* (1959), 356 Mich 514 (although it was held that the 1-year rule applied because the plaintiff was seeking further compensation for a "disability existing from the date of injury"), the term "further development" was defined as "a

---

[3] See CL 1948, § 413.12 (Stat Ann 1960 Rev § 17.186) and GCR 1963, 801.1, as amended.

disability which did not exist when compensation was allowed" initially.    356 Mich 517.    See also *Morgan* v. *Lloyds Builders, Inc.* (1955), 344 Mich 524.

In the case at bar the conclusion is inescapable that the aseptic necrosis started its pathological development with the trauma, but did not become a disabling condition until August, 1962. It is the date that the condition becomes disabling, rather than when the pathological development begins, that determines eligibility for compensation. The 1-year rule is a limitation on further compensation for a disability for which some compensation was paid. No compensation was ever paid here for the disability caused by the aseptic necrosis.

I would reverse.