RICE v MICHIGAN SUGAR COMPANY

Docket No. 77-551. Submitted November 15, 1977, at Detroit.—Decided May 23, 1978. Leave to appeal applied for.

Vern Rice was injured in 1969 while employed by Michigan Sugar Company and received workmen's compensation benefits. In 1973 he petitioned for a hearing against his employer, his employer's insurer American Mutual Liability Company, and the Second Injury Fund, claiming total and permanent disability arising from the original injury. The hearing referee held that Rice had established loss of industrial use of both legs and ordered payment of differential benefits. Rice appealed the determination of the date of this disability. The Workmen's Compensation Appeal Board affirmed the award of differential benefits and declined to apply the so-called one-year-back rule. The Second Injury Fund appeals by leave granted, contending that the one-year-back rule should apply and that the differential benefits should not be paid for any period prior to one year before the date of the petition for those benefits. *Held:*

The Workmen's Compensation Appeal Board properly declined to apply the one-year-back rule; the reference in the statute to applications for "further compensation" does not encompass the situation where the compensation sought is for injury resulting from a deterioration of a condition caused by the original injury.

Affirmed.

ALLEN, J., dissents. He would hold that the statute imposing the one-year-back rule applies to a situation wherein an injured employee who has received compensation later requests additional benefits from a continuing disability traceable to the original injury. Judge ALLEN would also hold that in this case the real party in interest, the Second Injury Fund, was ag-

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation §§ 482 *et seq.,* 605.
[2, 3, 7, 8] 82 Am Jur 2d, Workmen's Compensation § 343 *et seq.*
[4] 81 Am Jur 2d, Workmen's Compensation § 28.
[5] 81 Am Jur 2d, Workmen's Compensation § 27 *et seq.*
[6] 81 Am Jur 2d, Workmen's Compensation §§ 27, 29.

grieved by the decision not to apply the rule because the fund, unlike the employer, did not have notice of the potential claim against it until the petition for additional benefits was filed.

OPINION OF THE COURT

1. WORKMEN'S COMPENSATION—FURTHER COMPENSATION—ONE-YEAR-BACK RULE—STATUTES.

The term "further compensation" as used in the so-called one-year-back provision of the workmen's compensation statute, which bars payment of compensation in some circumstances for any period more than one year prior to the date of application for benefits, is a term of art and is not susceptible to interpretation based on its common meaning (MCL 418.833[1]; MSA 17.237[833][1]).

2. WORKMEN'S COMPENSATION—ONE-YEAR-BACK RULE—SEPARATE AND DISTINCT INJURIES—CONTINUING DISABILITY—STATUTES.

The term "further compensation" as used in the one-year-back provision of the workmen's compensation statute means compensation for separate and distinct injuries existing from the date of injury, but does not include compensation for injuries resulting or developing from a single original injury (MCL 418.833[1]; MSA 17.237[833][1]).

3. WORKMEN'S COMPENSATION—FURTHER COMPENSATION—ONE-YEAR-BACK RULE—CONTINUING DISABILITY—STATUTES.

The Workmen's Compensation Appeal Board correctly declined to apply the one-year-back rule, which would have precluded benefits for any period more than one year prior to an injured employee's application for further compensation, where the employee was first compensated for a back injury occurring in 1969 and filed in 1973 a petition for total and permanent disability benefits pursuant to which the appeal board found that the employee had established loss of industrial use of both legs as a result of deterioration of a condition caused by the original injury (MCL 418.833[1]; MSA 17.237[833][1]).

4. WORKMEN'S COMPENSATION—REMEDIAL LEGISLATION—LIBERAL CONSTRUCTION.

The worker's disability compensation act is remedial in nature and should be construed in a liberal and humanitarian manner in favor of the employee.

5. STATUTES—CONSTRUCTION—CONSIDERATION.

The construction given to a statute by those charged with the duty of executing it is always entitled to the most respectful

consideration and ought not to be overruled without cogent reasons.

6. WORKMEN'S COMPENSATION—ONE-YEAR-BACK RULE—LEGISLATIVE PURPOSE—STATUTES.

The legislative purpose of the one-year-back rule of the worker's disability compensation act, to provide notice to defendants and to prevent stale claims, is not served by limiting recovery of a plaintiff who suffers an injury and who later suffers additional consequences of the original injury and immediately files for additional compensation, because in such a case there is no problem of a plaintiff unjustifiably delaying his claim (MCL 418.833[1]; MSA 17.237[833][1]).

DISSENT BY ALLEN, J.

7. WORKMEN'S COMPENSATION—FURTHER COMPENSATION—ONE-YEAR-BACK RULE—CONTINUING DISABILITY—STATUTES.

*The Legislature, when it used the term "further compensation" in the section of the workmen's compensation statute relating to the one-year-back rule, contemplated application of the rule in a situation where an injured employee is paid benefits for the injury and later requests additional benefits for continuing disability traceable to the same injury (MCL 418.833[1]; MSA 17.237[833][1]).*

8. WORKMEN'S COMPENSATION—FURTHER COMPENSATION—SECOND INJURY FUND—ONE-YEAR-BACK RULE—STATUTES.

*An employee who receives compensation for an injury and who later files for additional compensation from the Second Injury Fund and who establishes that he is entitled to further compensation on the basis of deterioration of a condition caused by the original injury should be limited to compensation for a period of one year back from the date of his petition for further benefits where the Second Injury Fund, the party actually aggrieved by the award of additional benefits, did not have notice of the potential claim against it until the petition was filed (MCL 418.833[1]; MSA 17.237[833][1]).*

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P. C.,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard F. Za-*

*pala,* Assistant Attorney General, for the Second Injury Fund.

Before: Bronson, P. J., and Allen and T. M. Burns, JJ.

Bronson, P. J. Plaintiff suffered a back injury in 1969, while employed by defendant, for which he was compensated under the Workmen's Compensation Act. On September 5, 1973, plaintiff filed a petition for a hearing against defendant-employer and the Second Injury Fund for total and permanent disability benefits, claiming the loss of industrial use of both legs. Plaintiff claimed that the total and permanent disability was caused by the original injury and subsequent deterioration of his condition. The Workmen's Compensation Appeal Board unanimously found that plaintiff had established loss of industrial use of both legs as of April 22, 1971, as a result of a deterioration of a condition caused by the original injury. The board also held that the "one-year-back" rule, MCL 418.833(1); MSA 17.237(833)(1), did not apply.

The Second Injury Fund appeals by leave granted the board's determination that the one-year-back rule does not apply to the case at bar.[1]

MCL 418.833(1); MSA 17.237(833)(1) (the one-year-back rule) provides:

"If payment of compensation is made, other than medical expenses, and an application for further compensation is later filed with the bureau, no compensation shall be ordered for any period which is more than 1 year prior to the date of filing of such application."

___

[1] This issue was not waived by defendant's failure to argue it before the WCAB, as defendant, satisfied with the referee's decision, had no reason to anticipate a need to argue it. *See White v Michigan Consolidated Gas Co,* 352 Mich 201; 89 NW2d 439 (1958).

Some discussion of prior cases dealing with this provision is necessary for a complete understanding of the complex issue before us.

A reading of these cases discloses initially that the term "further compensation", as used in MCL 418.833(1); MSA 17.237(833)(1), is a term of art. It is given meaning by the cases interpreting it and, contrary to the dissent's approach, is not susceptible to interpretation based on its common meaning.

The first case construing the term "further compensation" in the context of the Workmen's Compensation Act was *Palchak v Murray Corp of America,* 318 Mich 482; 28 NW2d 295 (1947).

In *Palchak,* plaintiff suffered an eye injury in 1943 and was compensated for the injury. Plaintiff filed a petition in 1945 based on the deterioration of the 1943 injury. The defendant asserted that it had not received proper notice and that a proper claim had not been made. The Court affirmed an award for plaintiff, stating:

"The case at bar does not involve distinct injuries sustained in an accident, but rather two results of a single injury. The department of labor and industry acquired jurisdiction of the case by virtue of the original proceedings taken before it. Such jurisdiction continued for the purpose of further proceedings for compensation as the development of conditions, brought about by the original injury, might require. The statute in question did not impose on the plaintiff the duty of giving notice of such further development nor did it require plaintiff's claim for further compensation based thereon to be presented within a prescribed period, as contended by defendant. The requirements in said section as to notice to the employer, and the limitations with respect to filing claims, did not apply." 318 Mich at 493–494.

This language was interpreted in *Morgan v Lloyds Builders Inc,* 344 Mich 524; 73 NW2d 880 (1955), to mean that a claim based on a deteriorated condition is not a petition for "further compensation".[2]

*Morgan* also involved an eye injury. Plaintiff was compensated for his loss caused by the injury, and later filed an application for an adjustment because of a subsequent difficulty, which resulted in loss of vision of that eye. Defendant raised the defense of lack of notice.[3] The Court concluded that the one-year-back rule did not apply.

After quoting the previously quoted language in *Palchak,* the Court said:

"We find that the petition entitled, 'application for hearing and adjustment of claim,' filed by the plaintiff, dated July 28, 1953, is not a petition for further compensation for loss of time or employment, but is a petition for loss of vision in the right eye." 344 Mich at 528–529.

*Morgan* was discussed in *Loucks v Bauman,* 356 Mich 514; 97 NW2d 321 (1959). In *Loucks* plaintiff received compensation for an amputation of his right leg. He later filed for an adjustment due to total disability based on the unstable condition of his remaining leg, which had been injured in the same accident.

After citing the one-year-back rule, three justices wrote:

"In the instant case, plaintiff speaks of a further development, after loss of the left leg, in that the

---

[2] We note that *Palchak* and *Morgan* were disputes over notice to an employer and did not involve the Second Injury Fund. Nevertheless, the result they reach is relevant to the issue before us.

[3] *See* MCLA 418.833(1); MSA 17.237(833)(1).

'increased weight-bearing due to the loss of Louck's left
leg directly contributed to and aggravated the unstable
condition of his right leg.' The appeal board made no
such finding of fact that the disability of the right leg
was a further development, and there is no testimony
to support such theory in the appendix. On the con-
trary, the appeal board expressly found that plaintiff's
total disability resulted from both the amputation of
the left leg and the unstable condition of the right leg
which had existed since the date of his accidental
injury on June 20, 1947. *This is, then, according to the
finding of fact of the appeal board, not a case of a
further development, resulting in a disability which did
not exist when compensation was allowed for the loss of
the left leg, but, rather, an application for further
compensation for a disability existing from the date of
injury,* on which an award of compensation may not,
under the quoted language of the statute, be made for
any period more than 1 year prior to filing the applica-
tion on November 12, 1954." (Emphasis added.) 356
Mich at 516–517.[4]

The one-year-back rule was applied in *Loucks*
because plaintiff's application was for "further
compensation"—for a separate and distinct injury
rather than a further development from a single
injury. We deduce from the above-discussed cases
the general rule that "further compensation" is a
term of art, as used in the act, meaning compensa-
tion for separate and distinct injuries, but not
including compensation for injuries resulting or
developing from a single original injury.

More recent cases are by and large in accord-
ance with this general rule.

---

[4] Justice EDWARDS, concurring, agreed with this holding:

"I agree with the Chief Justice that the findings of fact of the
appeal board indicate that this was a claim for further compensation
due to another injury which occurred at the same time as the original
accident, rather than a subsequent development from the original
injury *(cf., Morgan v Lloyds Builders, Inc,* 344 Mich 524) or a change
in physical condition after the original adjudication *(cf., White v
Michigan Consolidated Gas Co.,* 352 Mich 201)." 356 Mich at 531–532.

In *Adcox v Northville Laboratories, Inc,* 381
Mich 600; 166 NW2d 460 (1969), the one-year-back
rule was applied because:

" 'In our opinion, this testimony supports the finding
that plaintiff did not sustain the burden of proving a
"further and subsequent development," that is, one
injury with 2 distinct results. See *Palchak v Murray
Corporation of America* (1947), 318 Mich 482, 493.' "
381 Mich at 610, fn, quoting *Adcox v Northville Labora-
tories,* 11 Mich App 13, 18; 160 NW2d 587 (1968).

*I.e.,* because the WCAB found as a fact that the
plaintiff's condition was not a result of the original
injury, his petition was one for "further compensa-
tion" which was subject to the one-year-back rule.

*Drake v Norge Division, Borg-Warner Corp,* 48
Mich App 88; 210 NW2d 131 (1973), is additional
authority for our interpretation of the term "fur-
ther compensation".

Plaintiff in *Drake* suffered a heart attack and
was awarded compensation for total disability. He
then filed a petition seeking additional benefits,
alleging total and permanent disability due to the
loss of industrial use of both arms and legs as a
result of the heart attack. The WCAB granted
additional compensation, finding that plaintiff had
lost the industrial use of his legs as a consequence
of his work-related heart attack. This Court af-
firmed, noting that there was evidence in the
record to support that claim, quoting the language
from *Palchak* which we quote above and stating:

"Plaintiff in the case at bar is not alleging a second
and separate injury sustained at the time of the first
injury. There was but a single injury in this case." 48
Mich App at 95.

Thus, on facts almost identical to the case at bar this Court has held that the one-year-back rule did not apply.

To repeat, the cases above consistently hold that "further compensation" means compensation for a distinct injury; "further compensation" does not encompass a petition for compensation based on separate results or consequences of a single injury.

Appellant relies heavily on *Baldwin v Chrysler Corp*, 67 Mich App 61; 240 NW2d 266 (1976). This reliance is misplaced.

In *Baldwin*, plaintiff had lost the use of his right leg due to polio. He then lost his left leg in a work-related injury for which he received specific loss benefits. Twenty-five years after those benefits expired, plaintiff petitioned for total and permanent disability benefits. The Court of Appeals applied the one-year-back rule without citation of any authority or discussion. *Baldwin* should probably be confined to its facts because of the lack of discussion of this issue as well as the unusual circumstances under which it arose. However, *Baldwin* also is distinguishable from the case at bar because there plaintiff's claim does not appear to have been based on a result or development from the original injury, but was a request for additional benefits based solely on the original injury.[5] In contrast, the case at bar is squarely within the holding of prior cases that a claim based on a separate result or deterioration from an injury is not one for "further compensation". See *Drake v Norge Division, supra; Loucks v Bauman, supra; Morgan v Lloyds Builders Inc, supra; Palchak v Murray Corp, supra.*

[5] *See Hlady v Wolverine Bolt Co*, 325 Mich 23; 37 NW2d 576 (1949). We intimate no view on the correctness of the *Baldwin* decision; a consideration of its validity must await the proper case.

Applying prior law to the case at bar is relatively easy. The WCAB did not apply the one-year-back rule here because plaintiff's claim was based on a demonstrated deterioration in condition as a result of an original injury. Thus, plaintiff's claim was not one for "further compensation" under MCL 418.833(1); MSA 17.237(833)(1) and the *Palchak-Morgan-Loucks-Drake* line of cases. We find evidence supporting the WCAB's finding of fact. Therefore, we hold that the WCAB correctly declined to apply the one-year-back rule.

This result is sound from a policy standpoint as well.

First, it has long been held that the Workmen's Compensation Act is remedial in nature and should be construed in a liberal and humanitarian manner in favor of the employee. *Jolliff v American Advertising Distributors, Inc,* 49 Mich App 1; 211 NW2d 260 (1973), *Hite v Evart Products Co,* 34 Mich App 247; 191 NW2d 136 (1971), *Dean v Arrowhead Steel Products Co, Inc,* 5 Mich App 691; 147 NW2d 751 (1967).

Second, "The construction given to a statute by those charged with the duty of executing it is always entitled to the most respectful consideration and ought not to be overruled without cogent reasons". *Magreta v Ambassador Steel Co,* 380 Mich 513, 519; 158 NW2d 473 (1968).

Finally, assuming that the legislative purpose of the one-year-back rule is to provide notice to defendant and prevent stale claims, see *White v Michigan Consolidated Gas Co,* 352 Mich 201, 219; 89 NW2d 439 (1958), this policy is not served by limiting the recovery of a plaintiff who suffers an injury and who later suffers additional consequences of the original injury and immediately files for additional compensation. In such a case

there is no problem of a plaintiff unjustifiably delaying his claim. For example, the Court in *White* noted:

"If one thing is clear about this record, it is that plaintiff since May 20, 1952, [the date plaintiff filed for a hearing on adjustment of claim] has consistently and vigorously claimed compensation by every means at his command. The notice of claim and litigation for it has been continuous. We do not believe the legislature could have intended the limitation to be effective in such a situation." 352 Mich at 212. *Cf. Baldwin v Chrysler Corp, supra.*

Affirmed. Costs to appellee.

T. M. Burns, J., concurred.

Allen, J. *(dissenting).* I cannot agree that the law is as clear as the majority opinion suggests. At least three cases suggest that the one year back rule should apply in the instant case. In *Loucks v Bauman,* 356 Mich 514; 97 NW2d 321 (1959), plaintiff suffered an employment-related amputation of one leg and was paid specific loss benefits pursuant to the schedule. Some time after those benefits expired, he returned seeking total disability benefits, arguing that his other leg had also been rendered unstable and unusable by the injury to the left leg. In an opinion signed by three justices, Chief Justice Dethmers concluded that the instability of the other leg had existed since the date of the original injury, was not a "further development", and thus the plaintiff was requesting "further compensation" for his original injury which should be limited by the one-year-back rule. This view carried the day, thanks to a separate concurrence by Justice Edwards.

The next decision applying the one-year-back rule was *Adcox v Northville Laboratories, Inc,* 381 Mich 600; 166 NW2d 460 (1969). The plaintiff in that case suffered a hip injury and received voluntarily paid total disability compensation for slightly more than a year. Payments were then stopped by the employer and several years went by before the plaintiff filed a petition for more total disability benefits. That petition alleged that the hip injury had further degenerated into a condition of "aseptic necrosis". The WCAB found that this was a new disability which was not subject to the one-year-back rule. However, the Supreme Court reversed that conclusion on appeal in an opinion which is fairly summarized by the following quotation:

"The doctor's quoted testimony reads fairly if not persuasively that plaintiff's 1962 pain and subsequent disability was due to aseptic necrosis; that such necrosis is a not-unusual result of a hip fracture such as was sustained the previous year by plaintiff; that it 'arose as the result of the fracture with damage to the blood supply to the head of the bone,' and that 'basically it is the result of the original trauma.' It supports the quoted finding as well as the final conclusion reached by Division 1 of Court of Appeals and calls for a determination here that plaintiff failed to prove that he has suffered a 'further development' within meaning and purpose of the cases which Justices DETHMERS and EDWARDS considered in their concurring opinions of *Loucks v Bauman* (1959), 356 Mich 514, 529." 381 Mich at 610.

For the stated reasons, the Court applied the one-year-back rule to limit the plaintiff's recovery. The case appears to say that where the later difficulties are the "not unusual result" of the original injury, the plaintiff has not shown a "further develop-

ment" of the sort which will avoid application of the one-year-back rule.

The third and strongest case for application of the one-year-back rule is *Baldwin v Chrysler Corp,* 67 Mich App 61; 240 NW2d 266 (1976), *lv den,* 396 Mich 862 (1976). Plaintiff suffered a leg amputation and was paid specific loss benefits. Thereafter, he obtained other employment which lasted for approximately two years. When that employment ended, plaintiff petitioned for "total and permanent disability" benefits, alleging loss of industrial use of both legs.[1] Plaintiff was found to be "totally and permanently disabled", but the one-year-back rule was applied to limit the amount of benefits.[2]

*Baldwin* is similar to the present case in that the plaintiff was seeking "total and permanent disability" benefits after previously receiving benefits of another type. I disagree with the majority that because plaintiff's condition in *Baldwin* was the same at all times whereas, in the present case, plaintiff's condition had deteriorated, *Baldwin* is distinguishable. I believe this stretches language beyond reason. In plain and simple language, the statute provides that where compensation benefits have been made "and an application *for further compensation* is later filed with the bureau, no compensation shall be ordered for any period more than one year prior to the date of filing of such application". Based on the commonly understood dictionary use of the word "further",[3] the statute at least semantically covers the present situation.

---

[1] Prior to the amputation, plaintiff's other leg was essentially useless due to a polio disability.

[2] The *Baldwin* opinion states that the one-year-back rule is a limit on the Workman's Compensation Bureau's authority to award benefits, not a statute of limitations. That statement is incorrect but it does not affect the substantive holding in *Baldwin. See White v Michigan Consolidated Gas Co,* 352 Mich 201; 89 NW2d 439 (1958).

[3] The dictionary definition of "further" is "going or extending beyond what exists. Additional". Webster's Third International Dictionary (1965 Edition).

This plaintiff suffered a back injury and was paid benefits for the resulting disability. He was, is, and probably will remain totally disabled from that injury. By pointing to specific symptoms of that injury, he has been able to establish "total and permanent disability" but the fact remains that all of his petitions have sought benefits for continuing disability traceable to the same injury. He wants and is entitled to something additional for the same injury. I believe that this is what the Legislature had in mind when it used the phrase "further compensation".

A principal purpose of the one-year-back rule is to provide timely notice to defendants of the claims which will be made against them.

> "Obviously this section was passed to guarantee a defendant prompt notice of claim for subsequent compensation, and to prohibit imposing on a defendant the burden of defending a stale claim." *White v Michigan Consolidated Gas Co*, 352 Mich 201, 212; 89 NW2d 439 (1958).

Defendant employer in this case had notice of the plaintiff's injury from the day it occurred. However, defendant appellant, Second Injury Fund, the party actually aggrieved by the decision below, did not have notice of the potential claim against it until the petition was filed. This is an additional reason—not present in most of the other cases—for applying the one-year-back rule on these facts.

Application of the one-year-back rule is not—as the majority opinion implies—inhumane or harsh in application to employees. Any employee who suffers an injury for which he is paid compensation and who later suffers additional consequences of the original injury is fully protected upon *promptly* filing for additional compensation. The employee is entitled to the additional benefits dating back one year from the date on which the

petition for additional benefits was filed.[4] I would reverse in part the decision of the WCAB and remand for entry of an order for differential benefits commencing September 5, 1972, rather than commencing September 5, 1971.[5]

---

[4] Of course, the additional compensation may not extend back one year where the date of "total and permanent disability" commences less than one year back from the date of the application for benefits therefor. The principal advantage in seeking a determination of total and permanent disability is that, if successful, the Second Injury Fund is required to pay differential benefits. MCL 418.521(2); MSA 17.237(521)(2).

[5] The WCAB found that the two-year-back rule applied and held that plaintiff was entitled to differential benefits beginning two years before the filing of his application.