BRECHT v SAVE-WAY FOOD CENTER

Docket No. 61681. Argued February 1, 1979 (Calendar No. 2).—Decided March 4, 1980. Rehearing denied 408 Mich 1109.

The plaintiff, Marjorie Brecht, was twice injured, in 1965 and in 1967, while in the course of her employment with the defendant Save-Way Food Center, and applied for permanent and total disability on December 19, 1974. The Worker's Compensation Appeal Board awarded differential benefits to be paid by the Second Injury Fund from April 28, 1970, 4-1/2 years before the application, on a finding that that was the date on which her second injury resulted in the loss of industrial use of her arms. The Second Injury Fund argues that the "two-year-back" rule of the statute in effect when the plaintiff was injured precludes an award of differential benefits for more than two years before the application for benefits. The Worker's Compensation Appeal Board decided that the two-year-back rule did not apply to the liability of the Second Injury Fund for an injury suffered in 1967. The Court of Appeals, D. F. Walsh, P.J., and D. E. Holbrook and Allen, JJ., denied leave to appeal (Docket No. 78-1036). Defendant Second Injury Fund appeals. In an opinion by Justice Kavanagh, joined by Justices Williams, Levin, and Moody, it was *held:*

1. The two-year-back rule limits the retroactive award of benefits in claims for which no compensation has previously been paid to two years immediately preceding the date of notice of application. At the time of the plaintiff's second injury, the Worker's Disability Compensation Act provided that a person who was entitled to benefits for a permanent and total disability in lesser amounts than those provided in the present schedule could receive the amount of the difference from the Second Injury Fund "without application". To subject claims for differential benefits to the two-year-back rule is to effec-

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 82 Am Jur 2d, Workmen's Compensation § 344.
[4] 82 Am Jur 2d, Workmen's Compensation § 407.
[5] 82 Am Jur 2d, Workmen's Compensation §§ 346, 407.

tively write the phrase "without application" out of the statute before the Legislature did so in 1968.

2. The Worker's Compensation Appeal Board has adopted a reasonable construction of the statute which gives effect to the phrase "without application" and its subsequent deletion by the Legislature. A retroactive determination of total and permanent disability entitles a worker to differential benefits from the Second Injury Fund without regard to the two-year-back rule if the injury occurred prior to July 1, 1968, even though the base benefits are limited by the rule. The Second Injury Fund's period of payment need not be identical to that of the employer. Once a determination of employer liability has been made, even retroactively, the obligations of the Second Injury Fund are independent. The Second Injury Fund's period of payment may extend beyond the employer's if the employer's liability is limited by a provision not applicable to the fund.

Affirmed.

Chief Justice Coleman, joined by Justices Fitzgerald and Ryan, dissented. She wrote:

1. The plaintiff's argument that the statutory two-year-back rule is a limitation of an employer's liability but not on that of the Second Injury Fund's is unpersuasive. Although the fund's obligation is not identical to an employer's, they are both governed by the limitations established in the act. The statutory phrase "[w]henever weekly payments are due" is not limited to payments due from the employer, but also applies to weekly payments from the fund.

2. The statute authorizes the payment of differential benefits, without application, to persons "entitled" to receive payments of workmen's compensation. The payment of voluntary benefits without a determination of an employer's liability does not entitle a claimant to the payment of benefits. In this case an application for a hearing was necessary to determine the employer's liability and entitle the claimant to benefits. The application was filed on December 19, 1974. Under the statute, no payments shall be made for any period before December 19, 1972. This construction of the statute does not write the phrase "without application" out of the statute. A person injured before July 1, 1968, who is entitled to receive payments under the act, and who is totally and permanently disabled, will continue to receive differential benefits and any increases in those benefits without the necessity of further application.

OPINION OF THE COURT

1. WORKMEN'S COMPENSATION — DIFFERENTIAL BENEFITS — APPLICA-
TION — TWO-YEAR-BACK RULE — SECOND INJURY FUND.
    A retroactive determination by the Bureau of Workmen's Com-
    pensation of a total and permanent disability entitles a worker
    to retroactive differential benefits from the Second Injury Fund
    without regard to the two-year-back rule, which limits the
    liability of employers for benefits to the two years immediately
    preceding the application for benefits, if the injury occurred
    prior to July 1, 1968, even though the base benefits are limited
    by the rule (MCL 412.9, 412.15; MSA 17.159, 17.165).

2. WORKMEN'S COMPENSATION — SECOND INJURY FUND — LIABILITY.
    The period of payment of differential workers' compensation
    benefits by the Second Injury Fund may extend beyond the
    employer's period of payment where the employer's liability is
    limited by a statutory provision not applicable to the Second
    Injury Fund; once a determination of the employer's liability
    has been made, even retroactively, the obligations of the Sec-
    ond Injury Fund are independent (MCL 412.9, 412.15; MSA
    17.159, 17.165).

DISSENTING OPINION BY COLEMAN, C.J.

3. WORKMEN'S COMPENSATION — SECOND INJURY FUND — LIABILITY.
    *The obligation of the Second Injury Fund is not identical to an
    employer's obligation, but they are both governed by the limita-
    tions established in the Worker's Disability Compensation Act,
    including the two-year-back rule, which limits the liability for
    benefits to the two years immediately preceding the application
    for benefits (MCL 412.9, 412.15; MSA 17.159, 17.165).*

4. WORKMEN'S COMPENSATION — VOLUNTARY BENEFITS — LIABILITY.
    *Voluntary payment of benefits without a determination of an
    employer's liability does not "entitle" a claimant to the pay-
    ment of workmen's compensation benefits, which is the statu-
    tory prerequisite for the payment by the Second Injury Fund of
    differential benefits, without application, to such claimants
    (MCL 412.9; MSA 17.159).*

5. WORKMEN'S COMPENSATION — DIFFERENTIAL BENEFITS — APPLICA-
TION.
    *A person injured before July 1, 1968, who is entitled to receive
    payments under the Worker's Disability Compensation Act
    because of a determination of employer liability, rather than
    one who is receiving voluntary benefits without a determina-
    tion of employer's liability, and who is totally and permanently
    disabled, will continue to receive differential benefits from the*

*Second Injury Fund and any increases in those benefits without the necessity of further application (MCL 412.15; MSA 17.165).*

*Sablich, Ryan, Dudley, Rapaport & Bobay, P.C.,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph M. Binno,* Assistant Attorney General, for Second Injury Fund.

KAVANAGH, J. This is an appeal from a Worker's Compensation Appeal Board decision ordering the Second Injury Fund to pay plaintiff differential benefits commencing 4-1/2 years prior to the date she filed her application for benefits. The Second Injury Fund argues that the two-year-back rule provision in MCL 412.15; MSA 17.165, currently MCL 418.381(2); MSA 17.237(381)(2), precludes the retroactive award of benefits for any period which antedates the filing of plaintiff's application by two years.

We hold that the two-year-back rule is inapplicable to this case, and affirm.

I

Plaintiff Marjorie Brecht suffered two injuries to her back, neck and shoulders while in the employment of Save-Way Food Center: the first in 1965, the second in 1967. For the 1965 injury, her employer voluntarily paid plaintiff total disability benefits for 500 weeks. These benefits terminated October 31, 1974.

On December 19, 1974, plaintiff filed a petition seeking total and permanent disability benefits from both her employer and the Second Injury Fund, alleging that she had lost the industrial use

of her arms. MCL 412.10(b)(7); MSA 17.160(b)(7). On September 4, 1975, the hearing referee determined that plaintiff had been without the industrial use of her arms since April 28, 1970. He based this finding upon the 1967 injury. The referee ordered the Second Injury Fund to pay differential benefits as of April 28, 1970, finding the two-year-back rule applicable only to the liability of the employer's insurer, the Michigan State Accident Fund.

The Worker's Compensation Appeal Board affirmed the referee's determination of plaintiff's permanent and total disability. As to the applicability of the two-year-back rule to the liability of the Second Injury Fund, the board held:

"The referee further properly ruled that the two-year-back rule (formerly Part II, § 15), given a 1967 date of injury, is not a bar to supplement [sic] benefits due from the Second Injury Fund for total and permanent disability (Rice v Michigan Sugar Co, 1977 WCABO 97). The referee's award of benefits is affirmed as entered." 1978 WCABO 370.

The Court of Appeals denied the Second Injury Fund's application for leave to appeal. This Court granted leave to appeal, limited to the issue whether the appeal board erred in failing to limit the Second Injury Fund's liability in accordance with the two-year-back rule, given a date of injury before July 1, 1968.

We hold that it did not.

II

At the time of plaintiff's injury, the two-year-back rule provided:

"Whenever weekly payments are due an injured employee under this act, such payments shall not be made for any period of time earlier than 2 years immediately preceding the date on which the employee filed notice of application for hearing and adjustment of claim with the department." MCL 412.15; MSA 17.165.

It is similar to the one-year-back rule (MCL 418.833[1]; MSA 17.237[833][1]) in placing a limitation on the retroactive award of benefits, but it applies only to injuries for which no compensation has previously been paid.[1]

Also at the time of plaintiff's injury the statute provided for differential benefits as follows:

"Any permanently and totally disabled person as defined in this act who, on or after June 25, 1955, *is entitled to receive* payments of workmen's compensation under this act in amounts per week of less than is presently provided in the workmen's compensation schedule of benefits for permanent and total disability and for a lesser number of weeks than the duration of such permanent and total disability shall after the effective date of any amendatory act, by which his disability is defined as permanent and total disability or by which the weekly benefit for permanent and total disability is increased, receive weekly, *without application,* from the second injury fund, an amount equal to the difference between what he is now or shall hereafter be entitled to receive from his employer under the provisions of this act as the same was in effect at the time of his injury and the amount now provided for his permanent and total disability by this or any other amendatory act with appropriate application of the

---

[1] This case comes within the purview of the two-year-back rule rather than the one-year-back rule because two separate injuries are involved. Previous benefits were awarded for the 1965 injury; the hearing referee here awarded permanent and total disability benefits for the 1967 injury. This award was not "further compensation" for the 1965 injury, within the meaning of the one-year-back rule. Compare *Martin v Somberg-Berlin Metals Co, ante,* 407 Mich 737; 288 NW2d 574 (1980).

provisions of paragraphs (b), (c), (d) and (e) of this section since the date of injury. Payments from this second injury fund shall continue after the period for which any such person is otherwise entitled to compensation under this act for the duration of such permanent and total disability according to the full rate provided in the schedule of benefits." MCL 412.9; MSA 17.159 (emphasis supplied).

Claimant argues that a retroactive award of differential benefits is not subject to the two-year-back rule because the rule contemplates the filing of an application and here differential benefits were due without application.

The fund counters that the right to differential benefits is a "piggy-back" right and is contingent upon an entitlement tò receive total and permanent disability benefits from the employer. Since without voluntary payment an application is necessary to determine employer liability, the fund argues that such application is also necessary to secure an award of differential benefits.

Although the logic of the fund is impeccable, it effectively writes the phrase "without application" out of the statute before the Legislature chose to do so in 1968. See 1968 PA 227, now MCL 418.521(2); MSA 17.237(521)(2).

We are satisfied that the WCAB has adopted a reasonable construction of the statute which gives effect to the phrase and its subsequent deletion. A retroactive determination of total and permanent disability entitles a worker to differential benefits from the Second Injury Fund without regard to the two-year-back rule if the injury occurred prior to July 1, 1968, even though the base benefits are limited by the rule. See *Rice v Michigan Sugar Co,* 1977 WCABO 97; *Harpe v Kaydon Engineering Corp,* 1977 WCABO 544.

We do not agree with the fund that its period of payment must be identical to that of the employer. Once a determination of employer liability has been made, even retroactively, the fund's obligations are independent. *White v Weinberger Builders, Inc,* 397 Mich 23, 33; 242 NW2d 427 (1976). The fund's period of payment may extend beyond the employer's if the employer's liability is limited by a provision not applicable to the fund.

Affirmed. No costs.

WILLIAMS, LEVIN, and BLAIR MOODY, JR., JJ., concurred with KAVANAGH, J.

COLEMAN, C.J. Plaintiff suffered injuries in the course of her employment in April, 1965, and on September 4, 1967. Plaintiff filed a petition for a hearing on September 12, 1967. On January 2, 1968, that petition was withdrawn at the request of plaintiff's attorney because the employer agreed to pay benefits voluntarily based on an April 1, 1965, date of injury. On December 19, 1974, following termination of these voluntary payments, plaintiff filed a petition for a hearing seeking benefits for a total and permanent disability. The hearing referee found plaintiff totally and permanently disabled as of April 28, 1970, and ordered the Second Injury Fund to pay differential benefits as of that date based on the 1967 injury. The Workers' Compensation Appeal Board affirmed.

On appeal, defendant claims that MCL 412.15; MSA 17.165[1] limited the liability of the fund to

_____

[1] MCL 412.15; MSA 17.165 provided:

"Whenever weekly payments are due an injured employee under this act, such payments shall not be made for any period of time earlier than 2 years immediately preceding the date on which the employee filed notice of application for hearing and adjustment of claim with the department."

The present statutory provision is MCL 418.381(2); MSA 17.237(381)(2).

benefits for the period after December 19, 1972. Plaintiff contends that an award of differential benefits pursuant to MCL 412.9; MSA 17.159[2] is not subject to the limitations of MCL 412.15; MSA 17.165. Furthermore, plaintiff claims that MCL 412.15; MSA 17.165 applies only to employers and not to the Second Injury Fund.

Plaintiff's argument that MCL 412.15; MSA 17.165 is a limitation of an employer's liability but not the Second Injury Fund's liability is unpersuasive. Although the scope of the fund's obligation is not identical to an employer's, see *White v Weinberger Builders, Inc,* 397 Mich 23, 32-33; 242 NW2d 427 (1976), they are both governed by the limitations established in the act. MCL 412.15; MSA 17.165 provides that "[w]henever weekly payments are due * * * such payments shall not be made for any period of time earlier than 2 years * * * preceding the date" of the application. This provision is not limited to payments due from an employer. It also applies to weekly payments from the fund, see *Rice v Michigan Sugar Co,* 1977 WCABO 97, *aff'd* 83 Mich App 508; 269 NW2d 202 (1978).

---

[2] MCL 412.9; MSA 17.159 provided in pertinent part:

"Any permanently and totally disabled person as defined in this act who, on or after June 25, 1955, is entitled to receive payments of workmen's compensation under this act in amounts per week of less than is presently provided in the workmen's compensation schedule of benefits for permanent and total disability and for a lesser number of weeks than the duration of such permanent and total disability shall after the effective date of any amendatory act, by which his disability is defined as permanent and total disability or by which the weekly benefit for permanent and total disability is increased, receive weekly, without application, from the second injury fund, an amount equal to the difference between what he is now or shall hereafter be entitled to receive from his employer under the provisions of this act as the same was in effect at the time of his injury and the amount now provided for his permanent and total disability by this or any other amendatory act with appropriate application of the provisions of paragraphs (b), (c), (d) and (e) of this section since the date of injury."

The present statutory provision is MCL 418.521; MSA 17.237(521).

MCL 412.9; MSA 17.159 authorizes the payment of differential benefits, without application, to persons "entitled to receive payments of workmen's compensation". In *White,* we stated:

"In the absence of a prior determination of employer liability, a redemption agreement between a claimant and an employer or insurance carrier does not entitle a claimant to benefits and constitutes neither an admission nor an adjudication of employer liability." *White, supra,* 34.

Similarly, the payment of voluntary benefits without a determination of an employer's liability does not entitle a claimant to the payment of benefits. In this case an application for a hearing was necessary to determine the employer's liability and entitle the claimant to benefits. The application was filed on December 19, 1974. MCL 412.15; MSA 17.165 provides that "payments shall not be made for any period of time earlier than 2 years immediately preceding" this date. Under this provision, no payments shall be made for any period before December 19, 1972.

This construction of MCL 412.15; MSA 17.165 does not write the phrase "without application" out of the statute. A person injured before July 1, 1968, who is entitled to receive payments under the act, and who is totally and permanently disabled, will continue to receive differential benefits and any increases in those benefits without the necessity of further application.

Reversed and remanded.

FITZGERALD and RYAN, JJ., concurred with COLEMAN, C.J.